HARTMAN, *Appellant*, v. HORNSBY.

Division One, January 29, 1898.*

1.  Tax Sale: RATIFICATION BY ACCEPTANCE OF SURPLUS: ESTOPPEL. A tax sale, perfectly regular on its face, did not attempt to sell the interest of defendant, but after the sale to plaintiff, defendant demanded and received from the sheriff a surplus of $10 which remained in his hands after payment of taxes and costs. *Held*, that such

*NOTE.—Decided December 23, 1897, and rehearing denied January 29, 1898.

action by defendant was not a ratification of the tax sale, and did not estop him from setting up his interest against that obtained by the plaintiff through the tax deed.

2. ————: PROCEEDINGS AGAINST "UNKNOWN HEIRS:" SALE OF DEVISEE'S INTEREST. Land was sold in a back tax suit against "unknown heirs," and plaintiff became the purchaser. At the time suit was begun the title was in certain devisees, who afterward sold to defendant. *Held*, that the tax sale did not sell, assail or attempt to sell the title and interest of the devisees.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Nagel & Kirby* for appellant.

(1) Where one, having an interest in land, accepts the proceeds of a defective judicial sale of it, knowing the facts which constitute such defect, he thereby ratifies the sale as made, and will be estopped thereafter to question its validity. Freeman on Void Jud. Sales, sec. 50; *Austin v. Loring*, 63 Mo. 19; *Chase v. Williams*, 74 Mo. 429; *McClanahan v. West*, 100 Mo. 323; *Lanier v. McIntosh*, 117 Mo. 519; *Maple v. Kussart*, 53 Pa. St. 348; *Southard v. Perry*, 21 Iowa, 488; (2) A ratification by accepting the surplus proceeds of a defective tax or other judicial sale, operates as an estoppel, even though the sale would, in the absence of ratification, have been absolutely void, not voidable merely. *Austin v. Loring*, 63 Mo. 22; *McClanahan v. West*, 100 Mo. 323; *Clyburn v. McLaughlin*, 106 Mo. 521; *Fischer v. Siekmann*, 125 Mo. 180; *DeFord v. Mercer*, 92 Am. Dec. 463; *Sherman v. McKeon*, 38 N. Y. 275; *Huffman v. Gaines*, 47 Ark. 230; *Kile v. Town of Yellowhead*, 80 Ill. 208. (3) Such a ratification operates against an owner who accepts the proceeds of a defective sale, even though he was not in any way a

party to the proceedings under which the sale was made, and even though he acquired title subsequent to the sale. *Austin v. Loring*, 63 Mo. 23; *Fenwick v. Wheatley*, 23 Mo. App. 644; *Smith v. Warden*, 19 Pa. St. 430; Freeman on Void Jud. Sales, sec. 50. (4) In Missouri, the surplus proceeds realized at a sheriff's sale of land for taxes belong to the "owner" of the land; and by claiming and accepting the surplus he thereby ratifies the tax sale and prior proceedings, even though void, and equity will consider his title to have passed to the purchaser. R. S. 1889, sec. 7685; *Clyburn v. McLaughlin*, 106 Mo. 521.

*J. L. Hornsby* for respondent.

(1) There being no defect in the tax sale by the sheriff, plaintiff acquired whatever title defendants therein might have had, but no other. *Jasper Co. v. Wadlow*, 82 Mo. 172; *Owsley v. Smith*, 14 Mo. 153. (2) This is not a case of void or voidable judicial sale, and the doctrine of *caveat emptor* applies. *Hensley v. Baker*, 10 Mo. 157; *Owsley v. Smith*, 14 Mo. 153; *Schmitz v. Dryden*, 25 Mo. 572; Freeman, Void Jud. Sales, sec. 1, p. 3. (3) The doctrine of ratification does not apply in the case at bar. Ratification is the confirmation of a previous act done either by the party himself or by another assuming or intending to act for him; the confirmation of a voidable act. Mechem on Agency, sec. 110; 2 Pomeroy, Eq. Jur., sec. 964; Black's Law Dic., p. 995.

ROBINSON, J.—This is a suit by plaintiff to have the title to certain lands named in her petition declared in her free from the cloud of defendant's title, predicated upon the following petition:

"Plaintiff, for her cause of action, states that heretofore, to wit, on February 25, 1893, she became the

purchaser at a public auction and from the sheriff of the city of St. Louis, Missouri, at the east front door of the courthouse in said city, of the property hereinafter described; that said sale was held in pursuance of a levy upon said property made by the said sheriff under a special execution issued from the clerk's office of the St. Louis circuit court, being special execution number 19 of the February term, 1893, upon a judgment theretofore rendered by the St. Louis circuit court in a certain suit entitled, 'The State of Missouri, at the relation and to the use of Henry Ziegenheim, Collector of the City of St. Louis, in the State of Missouri, v. The Unknown Heirs of Adam Kost, deceased, and the Unknown Heirs of William Kost, deceased;' that said suit was upon back taxes, the files therein being No. 4965 of this court. That at said sale plaintiff, as the purchaser of said land, paid to the sheriff the amount for which she had bid in and purchased said property, to wit, the sum of $88, and thereafter, to wit, on the 1st day of March, 1893, plaintiff received from said sheriff his deed of date February 25, 1893, whereby he conveyed to her the property consisting of unimproved land and situated in the city of St. Louis, Missouri, and described as follows, to wit:   A lot of ground in the Carondelet Common Fields, and in city block number 2943, said lot having a front of twenty-five feet in Virginia avenue, by a depth with that width of one hundred and twenty-five feet, and being bounded north by property now or formerly of one Smith, east by an alley, south by property now or formerly of one Kost, and west by Virginia avenue. That thereupon plaintiff on, to wit, March 1, 1893, duly caused said deed to be recorded in the St. Louis recorder's office, and the same is now of record there, to wit, in book 1125, at page 527. That the amount paid by plaintiff to said sheriff as aforesaid was more than enough to

satisfy said execution, and after the payment had been so applied to the payment of the judgment and all costs covered by said execution, there remained in the hands of said sheriff as surplus proceeds of the sale of said lands the sum of $10.11. That at the date of the filing of said suit, the title to the land above described, as shown by the records in the St. Louis recorder's office, was in either William Kost, son of Adam Kost and nephew of William Kost, deceased, or in the other children of Adam Kost, nephews of said William Kost, as devisees under the will of said William Kost, deceased, a copy of which will, in due form, was then of record in said office in book 630, page 68. That thereafter, to wit, by their joint deed of date July 22, 1893, duly executed and delivered, and recorded in the St. Louis recorder's office in book 1171, page 368, one William Kost, as nephew of William Kost, deceased, and the son of Adam Kost, and John Kost, son of Adam Kost, and Isaac Kost, son of Adam Kost, devisees as aforesaid, with their respective wives, conveyed to defendant, J. L. Hornsby, the property above described, and said deed was filed for record in the St. Louis recorder's office on August 9, 1893. That the said grantors, William Kost, John Kost and Isaac Kost, are and were the only sons of Adam Kost, and nephews of William Kost, deceased. That thereafter, to wit, on August 8, 1894, defendant being then the owner of such title as was conveyed to him by the deed last above described, and knowing that the suit above named had been brought, and knowing all the proceedings had therein, and knowing that under the special execution issued in said cause the said property so conveyed to him as above alleged had been levied upon and sold to plaintiff, and knowing that said surplus had been paid to the sheriff by plaintiff as a part of the purchase price of said land, demanded from the

sheriff said surplus and accepted and received same, giving his receipt therefor. That defendant thereby ratified and confirmed, as to any title then held by him, the said sale to plaintiff, and the title in equity is in plaintiff as against the defendant. That defendant has not since the deed to him conveyed such legal title as he received by and through said conveyance to him. That by reason of the premises the said conveyance to defendant recorded as aforesaid, is a cloud upon plaintiff's said title. That said land is vacant, unoccupied, and not in the actual occupancy of anyone. Wherefore plaintiff prays that the title to said land may be declared in her, free from the cloud of the said conveyance to defendant, and for such other and further relief as to this honorable court may seem meet in the premises.''

The only question presented by the record is whether, under any theory of the law, a cause of action was stated, the case having been disposed of on demurrer to the petition.

Waiving the question as to whether plaintiff has chosen the proper remedy to have declared the title to the land in her, we will address this discussion to the cardinal issue involved. Has plaintiff shown herself entitled to any interest in the land as against defendant by reason of his conduct in accepting the surplus proceeds left in the hands of the sheriff from the sale of the land by him, after paying the tax judgment named in the petition? Appellant's contention is that the defendant, by his conduct in accepting a part of the proceeds of the sale, has ratified the sale of the land to plaintiff, and that he is estopped now from questioning its validity in any respect.

While the proposition is true, as announced by appellant in a general way, that "where one having an interest in land accepts the proceeds of a defective judicial sale, knowing the facts which constitute such

defect, he thereby ratifies the sale as made, and will be estopped thereafter, though the sale would, in the absence of ratification, have been absolutely void," it must be noted here that the defect, as shown to exist by plaintiff's petition, was not in the sale of the land, or in any of the proceedings that led up to and resulted in the sale, but is shown to have been in the title of the defendant in the execution to the land.   The fact that the land belonged to the present defendant or his grantors, and not to the defendants named in the tax proceedings, does not make the sale void, voidable or defective in the sense understood by the authorities cited by appellant in support of her contention.

The sale to plaintiff accomplished all that the original proceedings attempted to effect and accomplish, to wit, the disposition of the interest of the unknown heirs of Adam and William Kost, deceased, in the land in controversy, for the purpose of discharging the land of the taxes then due upon it.   Manifestly the defendant in this proceeding could ratify nothing more than the original proceedings begun by the collector attempted to accomplish, and that was accomplished long before he accepted from the sheriff the small balance left in his hand after paying off and discharging the tax liens then against it and the costs of the original proceeding.   As shown by the petition filed herein, no attempt was made in the original proceedings to subject the interest of defendant or his grantors in this land, to any judgment, sale or disposition whatever.   How, then, can it be said that he, by his after conduct in accepting the small balance left in the hands of the sheriff from the sale of the interest of others than himself in the land, after paying the tax judgment against it, had ratified a sale, as of his interest, so as to now estop himself from setting up that interest against one who at the execution sale got all

that was attempted to be sold, or that could have been sold under the proceedings as originally instituted, which proceedings were in every way perfectly regular and free from defects (so far as any disclosure is made by plaintiff's petition filed herein).

There was nothing in the proceedings at or before the sale of the land to plaintiff (or for that matter since the sale) that needed ratification. The original proceedings, so far as indicated by the petition filed herein, were perfectly regular; the parties were all brought into court by the usual publication as required by statute; the judgment was regular in form; the execution issued was in conformity thereto; the sale was open, and no representations were shown to have been made to induce the plaintiff to believe that she was buying other than what she got (the interest of the unknown heirs of Adam and William Kent, deceased, in and to the land in controversy). The doctrine of sale by ratification or estoppel by ratification finds no place, in the facts disclosed by this record, to be applied. Ratification is the approval by act, word or conduct of that which was attempted (of accomplishment) but which was improperly or unauthorizedly performed in the first instance.

If in the suit of Ziegenhein, as collector for the city of St. Louis, for the enforcement of the city's tax lien, the devisees of William Kost, deceased, instead of his unknown heirs, had been named defendants, a judgment had been rendered against the devisees in favor of the collector, an execution issued thereon, and after giving the proper notice a sale of the land had been made thereunder to satisfy said judgment and costs, there had been a defective service of process on the devisees as owners of the land to be effected by the tax judgment, so that the judgment was not legally binding upon them, and if the defendant or his grant-

ors, knowing that the sale was not binding upon them, so as to convey their title to the land, and knowing that plaintiff had paid her money for the land under the belief that the sale was valid and would operate to pass their title, had demanded and secured from the sheriff the surplus proceeds of the sale left in his hand after satisfying the execution and costs, then the defendant and his grantors might have been held to have ratified the sale to plaintiff, and, as in the case of *Austin v. Loring*, 63 Mo. 19, cited by appellant as authority in this case, they might now be estopped from setting up their record title to defeat the equitable title of plaintiff, created by her purchase. Or, if the suit by the collector for the taxes due upon the land had been against defendant's grantors instead of against the unknown heirs of William Kost, deceased, and there had been a defect in the service of publication, or in the advertisement of sale, or in any other step of the proceedings so as to have rendered the sale void or voidable as the conditions occasioned, and the defendant or his grantors had received from the sheriff the surplus proceeds of the sale left in the hands after satisfying the tax lien against the land, the plaintiffs would be protected by the court, as was done in the case of *Clyburn v. McLaughlin*, 106 Mo. 521, also cited by appellant.

In all the cases cited by appellant in this State, where the proposition has been announced "that a ratification by accepting the surplus proceeds of a defective judicial sale, will operate as an estoppel against the owner of the land, even though the sale thereof would, in the absence of ratification, have been absolutely void, the interest of the party against whom the estoppel was invoked had been judicially assailed, and but for the fact of some irregularity or defect in the proceedings, the interest would have passed by

the sale." Such was not the fact in the case we are considering. Here the effort is to have defendant convey to plaintiff a title and interest in property that was never assailed, sold, or attempted to be purchased.

The facts that brought into existence the application of the doctrine of sale by ratification or estoppel now attempted to be invoked, are all absent from the allegations of plaintiff's petition. The defendant debtor, in an execution sale, who is but a vendor through the agency of the sheriff, as all other vendors, whether acting for themselves or through an agent, on every principle of right, justice or law, is denied the right to retain the property sold after receiving the proceeds thereof. The doctrine of equitable estoppel applies with as much force where the proceeds accepted arise from a sale by authority of law, as where it springs from the act of the party, but here the execution did not confer nor did it attempt to confer authority upon the sheriff to sell or expose for sale any interest of defendant, or his grantors, in the land in controversy, that defendant might ratify afterward if for any reason the execution authority was not formal, or was defective.

Nothing that was done by the defendant herein can bind the defendants in the original proceeding, whose interests alone were in the property plaintiff purchased. No judgment that this court might now make would bar the defendant in the original proceeding from prosecuting their suit against this defendant for the money that it is alleged he has received from the sheriff from the sale of the land. From plaintiff's statement of facts, this defendant has received no money that he is entitled to hold, so as to enable her to invoke against him the rule that "one will not be entitled to hold both the property and the proceeds resulting from the sale thereof."

As defendant has received no part of the proceeds

of the sale of the land in controversy that he is entitled to hold, as the plaintiff was in nowise interested in the disposition of the funds, after the discharge of the lien against the land, as plaintiff was in no way misled or deceived by the action of defendant in receiving that part of the proceeds of the sale from the sheriff that he did get, and as plaintiff got all the interest in the land that was sold, attempted or intended to be sold, the doctrine of ratification or estoppel are unavailing to plaintiff to silence the assertion by defendant of his legal title to the land against her so-called equitable title acquired at the execution sale of the land by the sheriff. Plaintiff's petition clearly shows that she has no right to a decree investing her with defendant's title to the land. The judgment of the circuit court sustaining defendant's demurrer to the petition is therefore affirmed. BARCLAY, C. J., MACFARLANE and BRACE, JJ., concur.