McDANIEL v. ADDISON.

1. APPEAL—DISCRETION.—This Court will not usually review an act of a Circuit Judge within his discretion.

2. DISCRETION.—From the showing made, the Circuit Judge did not abuse his discretion in not permitting defendant to file an answer after expiration of the time therefor.

3. IBID.—The test of abuse of discretion is not whether the refusal of the motion will result in manifest injustice. *Varn* v. *Green*, 50 S. C., 403; *Latimer* v. *Latimer*, 47 S. C., 205, and *Hill* v. *Hill*, 52 S. C., 134, distinguished from this.

Before ALDRICH, J., December, 1897. Affirmed.

Motion by defendant, Addison, for leave to answer after time, in action by Lucius McDaniel v. E. S. Addison, *et al.* From order refusing the motion, defendant, Addison, appeals.

*Messrs. Sheppards & Grier,* for appellant, cite: 48 S. C., 565; 9 Rich. Eq., 462; 50 S. C., 403; 47 S. C., 205; 52 S. C., 134; 36 S. C., 538; Code, 195.

*Messrs. Giles & Magill,* contra, cite: Code, 11; 24 S. C., 88; Code, 195; 38 S. C., 556; 14 S. C., 223; 48 S. C., 565; 18 S. C., 315; 32 S. C., 69; 45 S. C., 496; 50 S. C., 214; 51 S. C., 97; 52 S. C., 129; 51 S. C., 405; 17 S. C., 451; 52 S. C., 308; 38 S. C., 557.

Sept. 28, 1898. The opinion of the Court was delivered by

Mr. Chief Justice McIver. This is an appeal from an order of his Honor, Judge Aldrich, refusing a motion on behalf of the appellant (the other defendants not participating therein), for leave to answer after the expiration of the twenty days allowed for that purpose. The conceded facts are that appellant was served with a copy of the summons, which was in the usual form, together with the complaint, on the 6th day of July, 1897, and that appellant served no answer within twenty days from that date. Within a short time after the expiration of the twenty days, the appellant, through his attorneys, applied to the attorney for plaintiff to consent to the filing of his answer, which was refused. On the 1st of September, 1897, appellant, through his attorneys, gave notice of a motion, to be made at the next ensuing term of the Court, for leave to serve the answer, stating in the notice that the motion would be made on the affidavit of the appellant and his proposed answer, together with the affidavit of W. P. Greene and W. G. Chafee, Esqs., attorneys at law, copies of which were served with the notice of the motion. This motion was heard by Judge Aldrich, on the 30th of November, 1897, upon the papers above stated, and upon the affidavit of E. S. F. Giles, Esq., attorney for plaintiff, submitted on behalf of the plaintiff. At the hearing, his Honor granted an order refusing the motion. On the 2d of December, 1897, appellant applied for and obtained a rehearing of the motion, at which re-

hearing the motion was heard on the same papers above mentioned, and three additional affidavits submitted on behalf of appellant. The motion was again refused, by an order bearing date 2d of December, 1897, and from this order the present appeal is taken, upon the several grounds set out in the record, which need not be stated here, as they substantially raise the single question, whether there was an abuse of discretion in refusing the motion.

The motion is based upon section 195 of the Code of Procedure, which provides, amongst other things, that the Court may "in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time." It is manifest, therefore, from the express terms of the statute, that a motion of this character is addressed to the discretion of the Circuit Court, and not, therefore, ordinarily appealable. For, as was said by the late Chief Justice Simpson, in *Truett* v. *Rains*, 17 S. C., 451, and quoted with approval in the very recent case of *Michalson* v. *Roundtree*, 51 S. C., 405, "As a general rule, where a court or judge is invested with power to be exercised at discretion, such power is absolute, and when exercised it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable." While this is undoubtedly the general rule, our cases, some of which have been cited in the argument of counsel, recognize at least one exception, and that is where there has been an abuse of discretion. Of course, this Court would not assume that any Circuit Judge had been guilty of abuse of discretion confided to him by law, and hence whenever an appeal has been taken upon this ground, the burden rests upon the appellant to show that there has been abuse of discretion.

In the light of these principles, we will proceed to ex-

amine the papers upon which the Circuit Judge acted in this case—all of which are set out in the "Case," and have been carefully examined.   The pleadings used at the hearing do not, it seems to us, throw any light upon the question which we are called upon to determine, for where a party makes an earnest effort to repair his default in answering, we would be disposed to assume that the defendant had, or, at least, supposed he had, a good defense to the action brought against him; but the question before the Circuit Judge was whether he had made such a showing as would justify him, in the exercise of his discretion, in allowing defendant to repair an admitted default in making his defense at the time and in the manner plainly and distinctly prescribed by law; and the question before this Court is whether the Circuit Judge has abused the discretion confided to him.   With this view, we will proceed to examine the showing made by appellant.   In the first affidavit of the appellant, he says that when the summons and complaint were served upon him, "he read the same, but did not understand that it was required of him to interpose an answer thereto, but was honestly of the belief that nothing by him was to be done until the fall term of the Court, when he expected to have his attorneys take charge of the same for him.   That the deponent has spent most of his life far removed from any court house town where such matters are generally discussed, and is entirely unfamiliar with such matters, and did not know that an answer had to be filed in order that he might make his defense to plaintiff's alleged cause of action."   He then goes on to reiterate that he did not know it was necessary to file an answer, and if he had known or even suspected as much, he would not have allowed the time to pass, but would, immediately, have taken the papers to his attorneys, to be, by them, attended to, and denies that his default was due to any carelessness or neglect, but solely to his lack of knowledge and proper understanding of the papers served upon him.   He also avers that he has a good defense to the action, as set

forth in his proposed answer. The only other affidavit submitted on behalf of appellant, at the first hearing, is that of Messrs. Greene and Chafee, in which they say they are practising attorneys at the Greenwood bar, and that, after reading the appellant's proposed answer, they are of opinion that a good defense is stated therein. On the other hand the affidavit of E. S. F. Giles, Esq., was submitted on behalf of plaintiff, in which, amongst other things, he says that soon after the time for answering had expired he had a conversation with the defendant, F. V. Cooper, who expressed great surprise that Addison had failed to answer, adding: "That the said Addison soon after the summons and complaint were served upon him, tried to persuade him, the said F. V. Cooper, to assist him in the employment of counsel to answer said complaint. That the defendant, F. V. Cooper, told E. S. Addison that he was bomb proof and independent of execution, that nothing could be made out of him on a judgment; and he advised the defendant, Addison, to answer the said complaint within twenty days, and told him that he did not expect to bother about it, and that he would pay no part of any attorney's fee." Mr. Giles further states that he is informed and believes that Addison "is a man of considerable education, of large experience in business matters, and superior advantages for a man not engaged in the practice of law; that he was raised at Edgefield court house, where he resided for a long time, and intermarried with a daughter of the late John L. Addison, Esq., one of the most distinguished members of the Edgefield bar; that the said E. S. Addison afterwards lived for a long time at Greenville court house; that the said E. S. Addison has had considerable experience in legal proceedings," and naming, amongst other cases in which he was concerned, the recent case of Addison *v.* Sujette. Upon this showing, it was not surprising that Judge Aldrich refused the motion, when it was first heard, for the only ground upon which it rested was the mere assertion that he did not know that it was necessary for him to an-

swer within twenty days, when the summons, which it is
admitted was in the usual form, so plainly and explicitly
informed him that it was necessary for him to answer
within twenty days, that it is impossible to conceive how
a person of the most ordinary intelligence could fail to un-
derstand so plain a requirement, much less a person of Mr.
Addison's intelligence and business experience, in legal
matters.   Besides, according to the affidavit of Mr. Giles,
he was expressly told by Cooper that he had to answer
within twenty days; and it may be that the Circuit Judge
inferred from the statements made in the affidavit of Mr.
Giles that the real reason why Addison delayed answering
was for the purpose of getting some one of the defendants
to assist him in employing counsel to defend the case.   If
so, that was an inference from the testimony which this
Court has no power to review.   But it seems that the Cir-
cuit Judge, upon a simple motion, without any showing for
that purpose, so far as appears, granted the appellant a re-
hearing of his motion.   This, certainly, not only does not
indicate any disposition on the part of the Circuit Judge to
abuse his discretion, but, on the contrary, shows a desire to
allow the appellant every possible opportunity to relieve
himself from the effect of his admitted default.   Accord-
ingly the motion was again heard on the same papers used
at the former hearing, together with three additional affi-
davits submitted on behalf of the appellant.   These three
additional affidavits must, therefore, be considered.   The
first is that of F. V. Cooper, in which he controverts the
statement made in the affidavit of Mr. Giles, hereinabove
set forth, in so far as it represents the conversation between
Cooper and Addison; saying that while he did have a con-
versation with Mr. Giles, "he made no reference to Mr. Ad-
dison, and if Mr. Giles so understood deponent, he is
mistaken."   He then goes on to say that he recalls the fact
that Mr. Addison stated to deponent that he did not believe
he was required to answer the complaint until court, but
stated that he was on his way to see his attorneys and have

them take charge of the case; and that this conversation took place before the twenty days had expired. How the Circuit Judge undertook to reconcile these conflicting statements of Giles and Cooper, or whose version of the matter he accepted, we have no means of knowing; at all events, that was a question exclusively for the Circuit Judge, and not for us. We will only say that it is difficult to conceive how Mr. Giles could have been *mistaken*. His version must have been either true or manufactured out of the whole cloth, and the mild contradiction of Cooper does not seem well calculated to overthrow the testimony of Giles, which, if accepted by the Circuit Judge, would go far towards justifying his conclusion. Next comes the affidavit of Maner L. Rice, in which he says that some time in the month of July, 1897 (whether before or after the twenty days had expired, he does not say), he met Addison, who told him that he wanted to see Mr. Grier, and when told that Mr. Grier was out of town, said that he wanted to see him about this suit, and after saying that he did not feel that he had done plaintiff any wrong, &c., had some talk with deponent as to what was the proper time to look after the matter. Deponent very properly advised him to see his lawyers and do what they said. Thereupon appellant asked deponent to see Mr. Grier as soon as he returned, and to let him know what was necessary to be done. This deponent does not say that he saw Mr. Grier as requested, or that he let appellant know what was necessary to be done; he does not even say that he agreed to do so. The only other additional affidavit is that of appellant, in which, after reiterating the statements made in his first affidavit as to his lack of knowledge as to the requirements of the summons, adds that some time before the time of answering had expired, he came to Greenwood for the purpose of consulting his attorneys as to this case; but learning that Mr. Grier, the attorney whom he desired to consult, was out of town, he was unable to do so. "That a few days after this, deponent received a letter from M. L. Rice, who, at the re-

quest of deponent, had consulted with deponent's attorneys, to the effect that he must answer the said complaint within twenty days; that immediately upon the receipt of this letter, deponent, at great personal inconvenience, went to the office of his attorneys, in the town of Greenwood, and handed them the summons and complaint herein, and had them to attend to the same." Whether this was before or after the expiration of the twenty days, is not stated. If before, the answer should have been then served, and no reason is stated why it was not. If after, then that fact should have been stated. It is true that this affiant goes on to state that, though he did not know it was necessary for him to answer until court, yet if his attorney had not been absent, the answer would have been served in time, as he went to his office for the express purpose of having him to attend to this matter, and but for his absence it would have been attended to. This manifestly refers to the appellant's first visit to Greenwood, when Mr. Grier was absent, and not to his second visit, when Mr. Grier was not absent, for affiant says, he "went to the office of his attorneys, in the town of Greenwood, and handed them the summons and complaint herein." It will be observed that in this second affidavit the appellant does not deny the statements made in the affidavit of Mr. Giles, as to his education, large experience in business matters and superior advantages, and his experience in legal proceedings, together with his long residence at Edgefield and Greenville Court Houses, which, according to the statements made in appellant's first affidavit, are places where legal proceedings are generally discussed; all of which tends to rebut the idea intended to be conveyed in his first affidavit, that he was entirely unfamiliar with legal proceedings, to such an extent that he did not even know that it was necessary to answer a complaint within twenty days, although the summons, which he says he read, explicitly informed him of that fact. If he did read it, he must have read it in the most careless manner. Legal process and other papers are served upon

parties for the express purpose of informing them what is required of them; and if they pay no attention to the contents of such papers, they must take the consequences of their own folly or carelessness. It seems to us, therefore, after a careful examination of this case, that the appellant has utterly failed to show any abuse of discretion on the part of the Circuit Judge, and, hence, his appeal must be dismissed.

It has been most earnestly contended by the zealous counsel for appellant that the question whether there has been abuse of discretion in a case of this kind should be resolved by the inquiry whether the refusal of such a motion will result in manifest injustice. We cannot recognize any such test. The law has in the plainest terms prescribed certain requirements, one of which is that a failure to answer the complaint within twenty days entitles the plaintiff to a judgment by default, and if a defendant fails to comply with this plain and simple requirement, he must take the consequences, even though they may result in what some persons would call manifest injustice. It might be said that, whenever a defendant is sued upon an unjust or unfounded claim, and he fails to comply with the requirements of the law, without such an excuse as would be recognized as sufficient by the Court, whereby judgment by default goes against him, he suffers great injustice; and if that were the test, statutory requirements would become entirely futile, and the statute would be practically repealed. This case, in one of its features, is very much like the case of *White* v. *Coleman*, 38 S. C., 556, where a married woman having failed to answer an action brought against her, applied to the Court for leave to answer after the time had expired, upon the ground "that she was ignorant of the requirements of the law, and very much occupied with her domestic duties, and so neglected to employ an attorney in time." But her application was refused by the Circuit Judge, and upon appeal this Court held that there was no abuse of discretion, and the appeal was dismissed. So, also,

it is not unlike the case of *Sullivan* v. *Shell*, 36 S. C., 578, in another of its features, where the defendant relied upon a friend to deliver the summons with which he had been served to his attorney, with instructions to appear and plead payment, which his friend failed to do in time, and it was held that deponent was not entitled to relief under section 195 of the Code, as no excusable neglect was shown. This is a stronger case against the appellant than that just cited, for here the defendant did not leave the summons and complaint with Mr. Rice, with the request that he deliver the same to Mr. Grier as soon as he returned, but simply requested Mr. Rice to see the attorney, and write him what it was necessary for him to do. The present case differs materially from the case of *Varn* v. *Green*, 50 S. C., 403, in which the Circuit Judge refused a motion for continuance, where both of the counsel were sick and unable to conduct the case, upon the ground that it was his custom—"which custom had not the sanction of law"—to require clients to employ other counsel where the counsel engaged were too sick to conduct the case. Held, that *it was error of law* on the part of the Circuit Judge to allow his discretion to be controlled by such custom. Nothing of the kind appears in this case. Nor do we see the application of the cases of *Latimer* v. *Latimer*, 42 S. C., 205, and *Hill* v. *Hill*, 52 S. C., 134, and other cases cited by appellant, for they decide nothing more than the conceded and well-settled rule, that a motion addressed to the discretion of the Circuit Court cannot be reviewed by this Court, unless abuse of such discretion appears. In this case nothing of the kind appears. On the contrary, there was testimony before the Circuit Judge which, if believed by him (and he alone was to judge of that), might well have warrranted his conclusion.

The judgment of this Court is, that the order appealed from be affirmed.

Mr. Justice Pope *dissents.*