## BELL v. WESTERN UNION TEL. CO.

EXTENDING TIME TO ANSWER.—An order made at chambers on motion extending time to answer after default, no fact being shown tending to show abuse of discretion, is not appealable.

Before GAGE, J., York, September, 1905.    Affirmed.

Action by E. F. Bell against Western Union Telegraph Co., commenced by service of summons and complaint on agent of defendant on June 8, 1905. On 17th June, defendant's attorneys wired plaintiff's attorneys: "We have just been employed by defendants in Bell *v.* Tel. Co., and will file answer as soon as the records are received, and will ask you to extend time for few days, as we have two courts on next week. Answer."

The answer was: "Bell *v.* Tel. Co. served so as to be tried in our July Court, which opens 12th. Can't extend unless you will docket by consent for said term. If you docket by consent will extend time five days. Answer your consent to docket." Defendant's attorneys replied: "Will try and file answer in time in Bell case." `On 26th June, defendant's at-

torneys served notice of motion to strike out certain allega-
tions in the complaint and "III. And for time and for leave to
answer the complaint." This motion was heard by Judge
Gage on July 12, 1905, in open Court, and the latter part of
his order is: "The plaintiff objected to the hearing of the
motion on the ground that the same was too indefinite and
uncertain, but I overruled the objection, and after hearing
argument by counsel for both plaintiff and defendant, both
as to the merits of the motion and as to leave to answer, it
is ordered:

"Ordered, that the language in the complaint noted be
stricken out.

"Ordered further, that the defendants are in default and
have not shown any reason why they should be allowed to
answer. They had due notice that plaintiff would stand on
his rights and ignored the notice. But they may have a
good excuse, and I do not desire to cut them off from renew-
ing the motion upon proper proof, if they so desire.

"Ordered further, that the cause be continued."

A motion was then made before Judge Gage at chambers,
on September 2, 1905, on affidavits for leave to serve and file
an answer and to strike the cause from the calendar, as to
which he made this order:

"This is a motion by defendant for leave to answer. The
complaint was served 8 June, 1905. On 26 June—eighteen
days after service—defendant noticed a motion before me
to strike out certain allegations of the complaint. Code, sec.
181, Rule 20.

"In the same notice was a declaration that defendant
would at the hearing of the motion ask further time to
answer. The motion was heard 12 July, the day noticed.
On that day, the time in which defendant was required to
answer—twenty days—had expired.

"At the hearing, defendant showed no cause why the
answer had been so long delayed. I granted the motion to
strike out, but refused the motion to answer, unless upon

14—73

further showing. The motion to answer is now renewed, on an affidavit of defendant's counsel.

"The plaintiff resists the motion, because it is not made pursuant to the requirements of Rule 61 of the Circuit Court. I do not think that rule applies here, for the motion now, the second motion, is not made before any other Judge. Besides, the affidavit makes plain why the defendant's attorney did not bring to a hearing the motion to answer within twenty days after service of the complaint. The attorneys had construed Rule 20 to mean, that in twenty days after service defendant must do one of two things, answer or notice a motion to strike out, etc. The language of the rule is notice a motion, the words are 'Motion to strike out * * * must be noticed * * * within twenty days from the service [of the complaint].' The rule does not require that the motion must be heard, but that notice must be given. And until the motion has been heard, the defendant ought not to be prejudiced for having noticed it. I think that view is right, and the view I had heretofore maintained was wrong. The affidavit satisfies me that the defendant at least had reason to believe the time was yet full to move to answer when the hearing of the motion to strike out should have been disposed of.

"Ordered, therefore, that defendant have leave to answer, and that the answer be served within twenty days after the filing of this order."

From this order plaintiff appeals.

*Messrs. Finley & Jennings,* for appellant. *Mr. Jennings* cites: *It is abuse of discretion to do a thing according to custom not sanctioned by law:* 50 S. C., 403; 42 S. C., 209; 48 S. C., 5; 53 S. C., 580. *Motion for leave to answer could not be renewed and heard at chambers:* 14 S. C., 330; Code, 1902, 2736.

*Messrs. Geo. H. Ferrons, Evans & Finley* and *T. F. Mc-Dow,* contra. *Mr. Evans* cites: *Appeal is premature:* Code of Proc., 11; 42 S. C., 547; 52 S. C., 587. *This motion*

*properly heard at chambers:* Code of 1902, 2733; Code of Proc., 195, 198, 181; 14 S. C., 15.

January 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order granting the defendant further time within which to answer the complaint.

The record fails to disclose any facts even tending to show an abuse of discretion on the part of his Honor, the presiding Judge. Therefore, the order is not appealable. *McDaniel* v. *Addison,* 53 S. C., 222, 31 S. E., 226.

Appeal dismissed.