14511

MOORE v. NEW SOUTH EXPRESS LINES, INC.

(192 S. E., 261)

February, 1937.

*Messrs. Price & Poag* and *Tobias & Turner,* for appellant, cite:

*Messrs. J. Robt. Martin* and *J. Robt. Martin, Jr.,* for respondent, cite:

July 9, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Respondent brought suit in the Court of Common Pleas for Greenville County seeking to recover damages for that the appellant, through one of its agents, had slandered him "by in effect charging him with breach of trust, or theft, of a C. O. D. package." "The Answer set up a general denial and was later amended so as to set up the defense that any alleged slander was the act of an individual and not that of the company and that the language used by the defendant's agent was in no way intended to convey a charge of theft or breach of trust."

The case was tried by Judge Dennis and a jury.

"At the conclusion of all the evidence, defendant moved for a directed verdict upon the ground that the undisputed evidence showed that the conversation between the plaintiff and defendant's agent was during the course of an investigation of a crime which had been committed and that any statements made therein were privileged."

The language contained in the quotation marks is taken verbatim from the "statement" in the transcript of record.

The motion was overruled; the record does not disclose upon what ground the order denying the motion was based.

The jury found for plaintiff the sum of $1,000.00. A motion for new trial was made on the ground that the verdict was excessive. The motion was overruled.

The defendant appeals upon the single exception that the trial Judge erred in overruling the defendant's motion

for directed verdict made on the ground that "the undisputed evidence showed that the remarks made by defendant's agent were made during the course of an investigation as to the commission of a crime, to wit, the theft of a C. O. D. package, which the evidence showed was valued at more that $20.00, it being respectfully submitted that under the law of this State remarks which are made during an investigation of a crime, are privileged and cannot be made the basis of an action for slander. That the plaintiff's own evidence clearly established the fact that he and other employees were engaged in said investigation and therefore the remarks made were privileged."

Appellant is met at the threshold of its argument with the objection that it has not pleaded that the language complained of is privileged because used in the course of the investigation of a crime. It seeks to counter against this contention by saying that the complaint states:

"That considerable investigations had been carried on in reference to the C. O. D. package alluded to, all of which was well known to the various employees engaged by the defendant, some of whom were in the office and within hearing at the time."

It seeks to deduce the inference from this allegation of the complaint that the plaintiff, being aware of the nature of the investigation which was being conducted, was thereby put on notice that the defendant would stand upon the plea that the language complained of was privileged.

We think this proposition is not tenable. Plaintiff unquestionably knew that the language, which he alleges charged him with theft, or breach of trust, was made in connection with the disappearance of a C. O. D. package, but it does not follow that he knew that the defendant would stand upon the defense that the language was privileged. He was entitled to be apprised by the defendant's pleadings of this affirmative defense, if defendant relied on it.

It is a fundamental rule of pleading that the pleader must apprise his adversary of the grounds upon which he stands for the prosecution of the cause on the one hand, or its defense on the other.

It is likewise fundamental that a defendant must plead his affirmative defense.

In the case of *Kirby v. Gulf Refining Co.*, 173 S. C., 224, 175 S. E., 535, 536, this identical question arose and was decided adversely to appellant's contention. The opinion includes the following quotation from that admirable textbook, Bliss on Code Pleading, 430:

"We have already seen it to be a fundamental principle of pleading under the Code that every fact must be affirmatively pleaded by the party who is first required to prove it, and that no new matter can be offered in evidence by a defendant who has simply denied plaintiff's allegations, unless it tends to disprove a fact to be in the first instance affirmatively established by the plaintiff. * * * Facts in justification, either as showing the truth of the charge or that the publication was privileged, were always required to be specifically pleaded."

Definitions of privilege and qualified privilege are given in the above-named case, and this is said in the opinion:

"These are affirmative defenses which, if sustained, throw the burden of proof of actual malice on plaintiff; surely plaintiff is entitled to be informed of that issue by the answer."

If defendant had pleaded that the alleged slanderous language was privileged because used in the course of the investigation of a crime, nevertheless, the motion for a directed verdict in its favor must have been denied.

"Whether the malice implied from the speaking of the alleged slanderous words was rebutted by evidence tending to establish that the words were spoken upon a proper occasion, in good faith, for reasonable cause, by one engaged

in the discharge of a legal or moral duty, was clearly an issue of fact for the jury." *Switzer v. Am. Ry. Exp. Co.*, 119 S. C., 237, 112 S. E., 110, 112, 26 A. L. R., 819.

In the present case there is evidence pertinent to the manner and circumstances in which the alleged slanderous words were spoken, from which the jury might infer that they were spoken in malice. Therefore, the trial Judge did not err in refusing the motion for directed verdict.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.