14560

RUTLEDGE v. JUNIOR ORDER OF UNITED AMERICAN
MECHANICS

(193 S. E., 434)

*Mr. John E. Stansfield,* for appellant, cites:

*Messrs. Huff & Huff* and *O. L. Long,* for respondent, cite:

November 4, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for damages on account of an alleged libelous letter, dated December 19, 1934, and written to and concerning the plaintiff by the general manager of the defendant, "a copy thereof being mailed to one W. S. Penland and divers other persons, in the County of Laurens". On December 11, 1935, service of the summons and complaint was made upon the Insurance Commissioner of South Carolina, who immediately forwarded the papers to the home office of the defendant in Philadelphia; the commissioner being duly advised of their receipt at that point on December 13th and that the matter would have prompt attention. The defendant, however, failed to answer the complaint or to plead in any way; and the case was tried by default on May 19, 1936, at which time the plaintiff offered testimony in

proof of the allegations of his complaint, and the jury rendered a verdict in his favor for $1,500.00; judgment being entered thereon for that amount, with costs. The defendant having no property in South Carolina, the plaintiff, in September, 1936, sent a transcript of the judgment to certain attorneys in Philadelphia for the purpose of collection there by suit. And such suit was brought and is now pending in the municipal Court of that city. Thereafter on March 4, 1937, the defendant gave notice to the plaintiff that it would move before Judge Oxner at Laurens on March 8, 1937, to vacate the judgment upon grounds set out in the notice. The matter was heard upon the record, the pleadings, and affidavits of Arthur M. Fording and Thomas H. Walters, officers of the corporation. The Circuit Judge later filed an order refusing the motion, holding that the showing made was insufficient. This appeal followed.

The exceptions, although fifteen in number, raise but two questions, a decision of which will dispose of the appeal: (1) Did the Court below err in refusing to vacate the judgment upon the ground of excusable neglect? (2) Did it commit error in not holding that the judgment was void because the complaint did not state a cause of action? These we will consider in the order named.

First. We think that the contentions made by the appellant in regard to this question are without merit.

We have read with care the record for appeal, giving especial attention to the affidavits of Walters and Fording, the affidavit of the latter being mainly relied on by the defendant as showing excusable neglect on its part. Fording states that he is assistant general manager of the funeral benefit department of the defendant, his duties as such requiring him to attend to matters of litigation and to handle communications relating thereto with the general counsel of the defendant at Cincinnati; that the summons and complaint in this action were received at the office of the defendant in Philadelphia on December 13, 1935, and on that date

were called to his attention by a clerk in his office, and that he immediately assumed charge and control thereof; that he read the complaint and observed the nature of the action, namely, that it was one for libel arising out of a letter alleged to have been written by Walters, as general manager of the defendant, in response to a communication transmitted by the plaintiff to one W. S. Penland; that the deponent wrote the insurance commissioner of South Carolina acknowledging the receipt of the papers and advising him that they would have the prompt attention of the defendant; that the deponent, however, knew nothing of the facts of the case and could not ascertain anything in regard thereto for the reason that Walters, the writer of the letter, was then absent in the State of Tennessee, but was expected to return before the time for answering the complaint expired; that Fording, due to this fact, was unable to immediately obtain from Walters a statement of the facts, and to get his version of the communication alluded to in the complaint; that he, therefore, for the purpose of keeping the case in mind, placed the papers on his desk, so that he could bring the matter to the attention of Walters upon his return; that at the close of the day's work on December 13, 1935, deponent retired to his home for the night, with the intention of returning to work on the following day, but after leaving his office he "became suddenly ill with an attack from the eyes," and was confined to his home for "two weeks or more," and for that time was unable to work or to attend to any business; that during such enforced absence of deponent from his office, one of the clerks filed away the summons and complaint and failed to call the matter to his attention upon his return, and that the absence of the papers from his desk caused the affair to escape his notice; that the matter was next brought to his attention about September 18, 1936, when a certified copy of the judgment rendered in the Court of Common Pleas for Laurens County, S. C., was received in Pennsylvania by the attorneys to whom a transcript thereof had been sent for the purpose of

bringing suit for collection; and that he then laid the whole matter before the general manager.

We think that the Circuit Judge, to whose sound discretion is addressed a matter of this kind, reached a correct conclusion in holding that the defendant had not shown excusable neglect. He gives his reasons therefor as follows: "The manner in which Mr. Fording states that summons and complaints are handled in defendant's office is a very negligent method. Apparently, no record is kept of the receipt of summons and complaints, although the defendant is quite a large fraternal organization and has considerable litigation. It seems that the only memorandum used to refresh the memory of the officer handling same is the physical placing of the summons and complaint on the desk of such officer. No affidavit is offered by the clerk who is alleged to have filed the summons and complaint, or any explanation made as to how he happened to do so. If the default of the defendant had been brought about solely by the illness of Mr. Fording and action taken promptly for leave to answer, a different situation would be presented. Although Mr. Fording, according to his affidavit, returned to his office before the time for answering expired, or certainly shortly thereafter, nothing was done whatsoever about the matter. He states that it escaped his attention. Sheer forgetfulness, as well stated in the case of *Nye v. Sochor,* 92 Wis., 40, 65 N. W., 854, 53 Am. St. Rep., 896, is certainly not excusable neglect. Although service was made in December, 1935, plaintiff waited until May, 1936, before undertaking to prove the case, and plaintiff's counsel knew nothing of any effort on the part of defendant seeking to open up said judgment until March, 1937, during all of which time counsel for plaintiff had gone to much expense and trouble in undertaking to collect same."

While further analysis of Fording's affidavit is unnecessary, it may be noted that he was somewhat vague as to the length of time he was confined to his home, as he states

that it was "two weeks or more" before he returned to his office. A supporting affidavit of the doctor who attended him and doubtless one did—might have given some definite information thereabout, but no such affidavit was submitted. On the whole, it has not been made to appear that the trial Judge abused his discretion in holding as he did. The following decisions are in point: *Sullivan v. Shell,* 36 S. C., 578, 15 S. E., 722, 31 Am. St. Rep., 894; *White v. Coleman,* 38 S. C., 556, 17 S. E., 21; *Dunton v. Harper,* 64 S. C., 338, 42 S. E., 153; *Baker-Jennings Hardware Company v. Culp,* 105 S. C., 418, 90 S. E., 26; *Bissonette v. Joseph,* 170 S. C., 407, 170 S. E., 467.

It was urged below and argued here with much earnestness that the refusal to open this judgment will result in great injustice. We think, however, that what this Court said in *McDaniel v. Addison,* 53 S. C., 222, 31 S. E., 226, 229, cited by the Circuit Judge, disposes of this contention: "It might be said that whenever a defendant is sued upon an unjust or unfounded claim, and he fails to comply with the requirements of the law, without, such an excuse as would be recognized as sufficient by the Court, whereby judgment by default goes against him, he suffers great injustice, and, if that were the test of statutory requirements, would become entirely futile, and the statute would be practically repealed."

Second. The appellant complains that the Circuit Judge gave no consideration "to the question of whether or not the plaintiff has a cause of action and that such is indispensable to the right of plaintiff to recover." After disposing of the first ground of the motion as he did, Judge Oxner stated: "It is well settled that in cases of this kind the defendant must show both excusable neglect or mistake and that it has a prima facie defense. The defendant having failed to show excusable neglect, it is unnecessary to discuss the question as to whether or not there is a prima facie defense." The contention is that this

rule does not apply where the complaint does not state a cause of action.

We think, however, that the question before us must be answered in the negative. In 36 C. J., 1170, we find the following: "Written charges imputing falsehood in direct form, or words implying want of veracity, are libelous *per se.*" In support of the text, numerous cases are cited, among them *Woodburn v. Miller,* Cheves (25 S. C. L.), 194. In the *Woodburn case* this Court said: "The plain and obvious meaning of this publication is, that the plaintiff had fabricated and circulated a falsehood about the defendant. Such words, if spoken, would not be actionable; but, according to all the authorities, if printed or written, they would be." See, also, 17 R. C. L., 289.

The action here, as we have said, was one for libel. The complaint alleged that the defendant charged the plaintiff, in a letter written by its general manager, Walters, a copy of such letter being mailed to one Penland and divers other persons, with uttering a "deliberate falsehood" about the defendant and its business. As set out in the complaint, the defendant wrote and published of the plaintiff: "If anybody could have said more things that were detrimental to an organization and who could have made more misstatements of facts and more falsehoods than you have I would like to know where to meet him." Clearly, this language charged Rutledge with being a liar; and as stated in the *Woodburn case, supra,* such written words, under all the authorities, are actionable. If the defendant, therefore, had demurred to the complaint on the ground that it did not state a cause of action, the demurrer could not have been sustained.

But counsel for the appellant makes the further argument that the complaint shows on its face that the charges made by the defendant in its letter were privileged and for that reason the judgment should not stand. It is elementary, however, that privilege is a matter

of defense and must be pleaded affirmatively by way of answer. *Kirby v. Gulf Refining Co.*, 173 S. C., 224, 175 S. E., 535; *Moore v. New South Express Lines, Inc.*, 184 S. C., 266, 192 S. E., 261. As the defendant did not answer, and as we hold that it has not shown excusable neglect in failing to do so, it cannot now claim, as it is trying to do, the alleged benefits of such a defense.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.