0110

Carrol H. WARNER, Respondent, v. Harold RUDNICK, Appellant.

(313 S. E. (2d) 359)

Court of Appeals

*Hyman Rubin, Jr.,* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia; and *Robert M. Bell,* of *Bell & Surasky,* Langley, *for appellant.*

*Elmer W. Hatcher, Jr.,* of *Garvin, Fox, Zier, Burkhalter & Hatcher,* Aiken, *for respondent.*

Heard Jan. 30, 1984.

Decided March 2, 1984.

CURETON, Judge:

This is a libel action. In proceedings below, the appellant, Harold Rudnick, demurred to the complaint of the respondent, Carrol Warner, on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court overruled the demurrer and Rudnick appeals. We reverse.

In passing upon a demurrer, this Court is limited to a consideration of the pleadings under attack. *Costas v. Florence Printing Company,* 237 S. C. 655, 118 S. E. (2d) 696 (1961). All of the factual allegations of the complaint that are properly pleaded are, for the purpose of the consideration, deemed admitted. *Id.*

Warner's complaint contained the folllowing allegations. He is chairman of the Aiken County Council and was seeking reelection at the time this action arose. Rudnick, a resident of Aiken County, delivered to a radio station a statement signed "a concerned citizen" and requested that the statement be broadcast as a guest editorial. The complaint further alleges

that the statement, which was in fact broadcast, was defamatory and libelous with respect to the following contents:

> Recently the Aiken County Council announced that in addition to having a balanced budget that through reappraisal of industrial property, Aiken County will have an additional $192,000.00 surplus. Council Chairman Warner stated that a meeting will be called to figure out ways to spend this windfall ... *If these funds are needed to balance the budget then lies have been fed to the people of Aiken County* since we have been assured by the Council Chairman the budget is balanced for this fiscal year. (Emphais added).

Warner further alleged that Rudnick maliciously published the statement in an effort to malign, injure and impugn Warner's honesty and integrity.

Rudnick demurred to the complaint on the ground that, upon its face, it failed to state sufficient facts to constitute a cause of action because, among other things, the statement is neither defamatory nor libelous and therefore not actionable. Relying on *Rutledge v. Junior Order of United American Mechanics*, 185 S. C. 142, 193 S. E. 434 (1937), the circuit court found that "words imputing falsehood to another are *libelous per se* and further that the allegations of [Warner's] Complaint, therefore, state a cause of action."

The single issue before this Court is whether Rudnick's statement is defamatory or libelous such that it support Warner's action for libel.

In *Capps v. Watts*, 271 S. C. 276, 281, 246 S. E. (2d) 606, 609 (1978), our Supreme Court stated:

> To be libelous the words, on their face or by reason of extrinsic facts, must tend to impeach the reputation of the plaintiff, *McGregor v. State Co.*, [114 S. C. 48, 103 S. E. 84 (1920)], or, as often stated, they must tend to injure reputation, *see* Prosser, *Law of Torts*, p. 739 (4th Ed. 1971); Restatement (Second) of Torts Section 559 (1977).

In addition, the Supreme Court has stated:

> In determining whether words are libelous, they are to be given their ordinary and popular meaning; and if they are susceptible of two meanings, one libelous and the

other innocent, the former is not to be adopted, and the latter rejected, as a matter of course; but it must be left to the jury to determine in what sense they were used. [citations omitted]. If the words are plainly libelous, or wanting in any defamatory signification, it is the province and duty of the court to say so.

*Black v. State Co.*, 93 S. C. 467, 475-476, 77 S. E. 51, 54 (1913). Addressing the facts before us, we find Rudnick's ■ statement plainly lacks defamatory signification. Although Warner asserts that the sentence, "If these funds are needed to balance the budget then lies have been fed to the people of Aiken county . . .," charges him with feeding lies to his constituency, we cannot agree. These words, given their ordinary and popular meaning, are susceptible of only one interpretation: If Warner, who has previously stated that the budget is balanced, states in the future that these surplus funds are needed to balance the budget, he will have lied to the people of Aiken County in his first statement.

Where, as here, the charge is conditional in its form, the actionable quality of the imputation depends on the facts assumed in the conditional clause; and if the defendant makes the charge depend on a fact which is stated conditionally but which is known to be true, it is equivalent to a direct charge and actionable. 53 C. J. S. *Libel and Slander* Section 9 (1948). In this case, the charge, "lies have been fed to the people of Aiken County," depends on the conditional clause "if [Warner tells us] these funds are needed to balance the budget." Thus the charge depends on a fact which has not and may never occur. Such a charge is not actionable since it is prospective only and relates to a situation not presently existing.

We find *Rutledge v. Junior Order of United American Mechanics*, 185 S. C. 142, 193 S. E. 434 (1937), relied on by Warner to sustain the ruling below, distinguishable. There, the defendant said to the plaintiff: "If anybody could have said more things that were detrimental to an organization and who could have made more misstatements of fact and more falsehoods than you I would like to know where to meet him." The charge is not conditional but express. The plaintiff is clearly charged with lying. The only reservation expressed by the defendant is whether some person exists who could have told more lies than the plaintiff. In the case before us, Rudnick

conditions his charge on the occurrence of future acts which may never materialize.

We find that Rudnick's statement is incapable of any reasonable construction which will render the words defamatory. Therefore, we reverse the trial court's order overruling the demurrer.

Reversed.

GARDNER and GOOLSBY, JJ., concur.