0623

MULTIMEDIA, INC., Thomas H. Hutchison and Dale Gibson, Appellants, v. GREENVILLE AIRPORT COMMISSION, Robert B. Vaughn, Charles A. Carter, Ernest Blakely, Jr., Eleanor L. Sankey and David L. Strain, Respondents.

(339 S. E. (2d) 884)

Court of Appeals

David L. Freeman and Carl F. Muller of Wyche, Burgess, Freeman & Parham, P.A., Greenville, for appellants.

J. Brantley Phillips, Jr., and Mark R. Holmes of Leatherwood, Walker, Todd & Mann, Greenville, for respondents.

Heard Nov. 11, 1985.

Decided Jan. 28, 1986.

BELL, Judge:

Multimedia, Inc., owner of The Greenville News and Greenville Piedmont newspapers, and two Multimedia employees who are managing editors of those newspapers, commenced this action against the Greenville Airport Commission for alleged violations of the South Carolina Freedom of Information Act (FOIA). The Commission demurred on the ground that no cause of action had been stated. The circuit judge sustained the demurrer. Multimedia appeals. We affirm.

On April 22, 1983 the Commission met to interview candidates for the position of Director of the Greenville Downtown Airport. Multimedia alleges this was a meeting held without proper notice to the public as required by the FOIA. At the April meeting, the Commission allegedly voted to hire Joseph Robert Frasher, stepson of one of the Commissioners, as the Director.

On May 16, 1983, the Commission held its regularly scheduled meeting pursuant to proper notice. At the May meeting, the Commission went into executive session, from which the press and public were excluded. At the conclusion of the

executive session, the Commission publicly announced a unanimous vote to hire Mr. Frasher as Director of the Greenville Downtown Airport. The public minutes of the meeting reflect "The Commission ratified and confirmed the employment of Joseph R. Frasher as Executive Director by a unanimous vote."

Multimedia commenced this suit on May 24, 1983, alleging the Commission violated the FOIA (1) by holding the April meeting without notice and (2) by failing to ratify by a public vote the executive session action at the May meeting. Multimedia asked the court to declare the actions taken by the Commission null and void as in violation of the FOIA, to issue an injunction prohibiting enforcement of the employment agreement, and to direct the Commission to comply with the FOIA in the future.

The Commission contended (1) the action at the properly noticed May meeting cured any alleged lack of notice concerning the April meeting and (2) the FOIA does not require a public vote to ratify executive session actions. The Commission also contended the FOIA does not authorize a court to void its action and that the complaint does not allege any basis for injunctive relief.

The judge sustained the demurrer in an order of September 8, 1983. He found no basis in the FOIA to declare the Commission's action null and void and no allegations in the complaint to sustain the request for injunctive relief. The judge held the complaint demonstrated the Commission's action was properly ratified at a duly noticed meeting in May by a public announcement and by recording the unanimous executive session vote in the minutes of that meeting.

Our review of the judge's order on a demurrer is limited to a consideration of the pleadings. *Warner v. Rudnick*, 280 S. C. 595, 313 S. E. (2d) 359 (Ct. App. 1984). All well pleaded factual allegations are deemed to be admitted for the purposes of review. *Id.*

I.

The FOIA expressly authorizes executive sessions to discuss employment decisions. Section 30-4-70(a)(1), Code of Laws of South Carolina, 1976. It provides, however, that "[a]ny formal action taken in executive session shall thereafter be ratified in public session prior to such action becom-

ing effective." Section 30-4-70(a)(5), Code of Laws of South Carolina, 1976. Multimedia contends the Commission failed to "ratify" the executive session decision to hire Frasher, because no public vote was taken to hire him.

A cardinal rule of statutory construction is that words used in a statute should be given their plain and ordinary meaning unless something in the statute requires a different interpretation. *Worthington v. Belcher*, 274 S. C. 366, 264 S. E. (2d) 148 (1980); *Hughes v. Edwards*, 265 S. C. 529, 220 S. E. (2d) 231 (1975). "Ratification" commonly means the approval, by act, word, or conduct, of that which was attempted, but which was improperly or unauthorizedly performed in the first instance. *Hartman v. Hornsby*, 142 Mo. 368, 44 S. W. 242 (1897). It may be manifested by any writing, act, or words which evidence an intent to confirm or adopt a previous act of oneself or of another. In other words, "ratify" has a much broader meaning than that urged by Multimedia. We find nothing in the FOIA indicating the Legislature intended the word "ratified" to have anything other than its common meaning.

The minutes of the May meeting reflect that the Commission ratified and confirmed Frasher's employment in public session. In addition, the public announcement alleged in Multimedia's complaint, clearly manifests the Commission's intent to ratify the executive session decision. These acts met the statutory requirements that the executive session action be ratified in public session. Authorized executive session matters, such as employment decisions, need not be further publicized. *See Cooper v. Bales*, 268 S. C. 270, 233 S. E. (2d) 306 (1977). Multimedia has, therefore, failed to allege any FOIA violation in the May meeting.

II.

Multimedia also alleged the Commission violated the FOIA by holding its April meeting without notice. The complaint reveals, however, that the decision allegedly taken at the April meeting was reconsidered and ratified at the properly noticed May meeting. No cause of action under the FOIA has been stated where the complaint reveals the prior action was subsequently ratified at a meet-

ing complying with the law. *Valencia v. Cota,* 126 Ariz. 555, 617 P. (2d) 63 (1980); *Cooper v. Arizona Western College District Governing Board,* 125 Ariz. 463, 610 P. (2d) 465 (1980). Moreover, substantial compliance with the Act will satisfy its requirements where a technical violation has no demonstrated effect on a complaining party. *City of Flagstaff v. Bleeker,* 123 Ariz. 436, 600 P. (2d) 49 (1979); *Karol v. Board of Education Trustees,* 122 Ariz. 95, 593 P. (2d) 649 (1979). In this case, Multimedia was not prejudiced, since the action at the April meeting was reconsidered at the properly noticed May meeting. *See Graybill v. Oklahoma State Board of Education,* 585 P. (2d) 1358 (Okla. 1978). Reconsideration of the Commission's decision at the properly held May meeting cured any prior FOIA violation.

Since we hold the Commission did not violate the FOIA, we need not address Multimedia's contention that injunctive relief was an appropriate remedy in this case.

For the reasons stated above, the judgment is

Affirmed.

SHAW, and GOOLSBY, JJ., concur.