ANGUS M. MACNEIL vs. SUPERIOR COURT. May 27, 1959. Order sustaining
demurrer affirmed. Petition dismissed. To this petition for a writ of man-
damus a demurrer was sustained by a single justice, and the petitioner ap-
pealed. The purpose of the petition is to compel the respondents to permit
the petitioner to practise law before them. The petition alleges that the
petitioner has been disbarred by a single justice of the Supreme Judicial
Court. There was no error. Mandamus cannot be used as a substitute for
ordinary appellate procedure. *Rines* v. *Justices of the Superior Court*, 330
Mass. 368, 371–372. *MacNeil Bros. Co.* v. *Superior Court*, 337 Mass. 772.
    *Angus M. MacNeil*, pro se.
    *Richard H. Gens*, Assistant Attorney General, for the respondent.

FRED B. CHADWICK vs. MARIE TRAVASSOS. May 29, 1959. Exceptions
overruled. This is an action of contract. In count 1 of the plaintiff's declara-
tion he seeks to recover a balance due him on a building contract entered into
by the plaintiff and the defendant, and in count 2 he seeks to recover on an
account annexed in quantum meruit. The action was referred to an auditor
whose findings of facts were to be final. The auditor found that the amount
to be paid under the contract and for extras was $10,693.55 and that the de-
fendant paid the sum of $9,216.01, leaving a balance of $1,477.54. He credited
the defendant with $17 on account of a change in the size of the heater and a
difference in the price of some locks. He found that the plaintiff did not
completely soundproof the house and omitted to put paper under the shingles
where required. For these omissions he allowed the defendant $500, leaving
a balance due of $960.54. He expressly found that the plaintiff had attempted
to do all of the work required to be done under the contract and substantially
completed it, with the extras. Upon the coming in of the auditor's report, the
defendant filed objections to it. She also excepted to the denial of her motion
to recommit and to the allowance of the plaintiff's motion for judgment in
accordance with the auditor's report. It has been established that although
a party may not recover on a building contract unless there has been strict
compliance with all of its terms, he may recover in quantum meruit upon
proving both that he has substantially completed the contract and that he
made an endeavor in good faith to perform fully. *Glazer* v. *Schwartz*, 276
Mass. 54, 57. *Andre* v. *Maguire*, 305 Mass. 515, 516. *Russo* v. *Charles I.
Hosmer, Inc.* 312 Mass. 231, 232–233. In the instant case the auditor did
not expressly find that the plaintiff was acting in good faith but he did find
that the plaintiff had attempted to do all of the work required to be done
under the contract and substantially completed it. We think it implicit from
this finding that the plaintiff acted in good faith. "The general findings by
the auditor do not purport to be based upon his subsidiary findings . . . but
rest upon all the evidence heard by him; and the general findings made by
him imply the making of all subsidiary findings not inconsistent with those
appearing in the report and necessary to support the general findings."
*Weiss* v. *Balaban*, 315 Mass. 390, 390–391. See *Soares* v. *Weitzman*, 281 Mass.
409, 412; *Morello* v. *Levakis*, 293 Mass. 450, 453. We are of opinion that the
findings of the auditor warranted the inference that there was no intentional
deviation from the terms of the contract and that the plaintiff was acting in
good faith. He is entitled to recover on the second count of his declaration.
    *Philip Jones*, for the defendant.
    *Richard C. Anderson*, for the plaintiff.