558 P.2d 697

ARIZONA PRESS CLUB, INC., a nonprofit corporation, Roger Downey, and Common Cause of Arizona, an unincorporated association by Marge Thornton, on behalf of the Association and its members, Petitioners,

v.

ARIZONA BOARD OF TAX APPEALS, DIV. 1, and Charles MOODY, George S. Borazon and Richard D. Searles, in their capacity as members of the Board of Tax Appeals, real parties in interest, Respondents.

No. 12670.

Supreme Court of Arizona,
In Banc.

Nov. 23, 1976.

Paul F. Eckstein, Bruce Meyerson, Phoenix, for petitioners.

Beer, Kalyna & Simon, by Olgerd W. Kalyna, Phoenix, for respondents.

CAMERON, Chief Justice.

We accepted the petition for special action of the Arizona Press Club, Roger Downey, and Common Cause of Arizona to determine whether the respondents, Charles Moody, George S. Borazon, and Richard D. Searles, members of the Arizona Board of Tax Appeals, Division 1, are violating the Arizona open meeting law, A.R.S. § 38–431 et seq.

The facts necessary for a determination of this matter are as follows. A taxpayer dissatisfied with the full cash value placed on his property appealed to the Arizona Board of Tax Appeals. The taxpayer's appeal was duly noted and a public hearing

was held. Oral testimony was received from both the taxpayer and representatives of the county assessor. Additional documentary evidence was likewise submitted. At this point, the following transpired:

"Moody: I think the Board has enough information before it to arrive at a reasonable decision in the eyes of the Board.

"Borazon: Mr. Chairman, I move that this matter be taken under advisement, the decision to be rendered within the time provided by law. I further move the deliberation take place without further notice and the decision to be made without the public or the parties allowed to be present. The Board's opinion is that the deliberation and decision is a judicial proceeding and therefore specifically exempt from the open meeting law.

"Moody: Mr. Searles?

"Searles: I second the motion.

"Moody: Motion made and seconded. Any discussion?"

Petitioners objected but the motion was nevertheless passed and the board went into closed session.

Petitioners brought a special action to this court and we accepted jurisdiction because of the importance of the question and because there is no adequate remedy by way of appeal.

The Arizona legislature has provided for a state board of tax appeals with power "to equalize the valuation of all property throughout the state and to hear and decide all appeals from decisions of the department of revenue." A.R.S. § 42–141. A.R.S. § 42–245 provides:

"A. Any person dissatisfied with the valuation or classification of his property as fixed by the county board of equalization may appeal in the following manner:

"1. To the superior court in the manner provided in § 42–151 on or before November 1.

"2. To the state board of tax appeals by filing a petition with the state board within twenty days of the date of the mailing of the decision of the county board to the petitioner. Upon receipt, the state board shall forward a copy of the petition to the director. The petition will be in the form prescribed by the state board and the state board shall render a written decision on such petition within thirty days of the date of hearing such petition, but not later than July 25, and immediately transmit a copy of the decision to the petitioner."

Arizona's open meeting law reads in part as follows:

"§ 38–431.01. *Meetings shall be open to the public*

"A. All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings."

And:

"§ 38–431.08. *Exceptions*

"A. The provisions of this article shall not apply to any judicial proceeding or any political caucus."

Petitioners contend that the intent of the legislature was to exempt only judicial hearings conducted by the courts and not hearings conducted by quasi-judicial administrative agencies. Petitioners urge that a "reference to 'judicial' proceedings in A.R.S. § 38–431.08 and omission of any reference to 'quasi-judicial' proceedings clearly indicates that 'quasi-judicial' agencies are not excepted from the open meetings law." Petitioners also point out that the original bill introduced to amend the previous open meeting law exempted not only the State Board of Pardons and Paroles but also "state agencies conducting hearings on contested cases," and that these provisions were deleted from the final bill which exempted only "judicial proceedings or any political caucus."

We agree with the petitioner that a deletion from the original bill in the process of enactment of a statute is evidence of legislative intent that the deleted matters are not to be included in the final bill. *State Board of Barber Examiners v. Walker*, 67 Ariz. 156, 192 P.2d 723 (1948).

We will, however, resort to this rule of construction only if the statute is unclear on its face. *Smith v. Superior Court,* 17 Ariz.App. 79, 495 P.2d 519 (1972). We do not agree that the statute is unclear.

■ Petitioners contend that an administrative agency such as the Arizona Board of Tax Appeals acts quasi-judicially and not judicially and that therefore the exemption does not apply to their quasi-judicial proceedings. We do not agree. An administrative agency may be said to have quasi-judicial power in that it possesses both judicial and administrative powers, and we have stated:

"Courts frequently use the phrases 'judicial' power and 'quasi-judicial' power indiscriminately and inaccurately. We think that the vital difference between the two is that 'judicial' power, strictly speaking, is vested only in a court (citations omitted). When, however, the power to hear and determine whether a certain state of facts which requires the application of a law exists is committed to an administrative or executive officer, although the particular power may be identical with one which is also exercised by a court, it is, strictly speaking, not 'judicial' but 'quasi-judicial' power (citations omitted)." *Batty v. Arizona State Dental Board,* 57 Ariz. 239, 245–46, 112 P.2d 870, 873 (1941).

When an administrative agency is exercising its quasi-judicial power it does not necessarily follow that it acts quasi-judicially. It either acts judicially or it acts administratively. The procedures prescribed by the statute and followed by the Board of Tax Appeals in hearing the parties in open forum, taking the matter under advisement, deliberating, writing a written decision and making that decision available to the parties and the public, follow the classic procedures of an appellate court in making a judicial decision. We believe this is a "judicial proceeding" within the meaning of the statute.

■ We do not believe that the legislature intended to exempt only court "judicial proceedings" and not administrative agency "judicial proceedings." To allow the public to attend the deliberations leading to a decision and to watch the writing of that decision would not, we believe, promote the ends of justice. We agree with the dissent of Justice Dekle in the case of *Canney v. Board of Pub. Instruction of Alachua Cty.,* 278 So.2d 260 (Fla.1973) when he stated:

"* * * Those rights of persons and property involved in a hearing should be preserved in a judicial atmosphere which is essential to a fair and impartial deliberation upon the rights involved. To afford less in such a judicial type of proceeding would be a denial of due process and of a fair hearing in which a person's rights and interests are at stake, as much as if he were before a judicial tribunal. We might as well return to the Roman Arena for a 'thumbs up or thumbs down' result by the public clamor if we are to eliminate the judicial protections and safeguards in matters of this kind.

\* \* \* \* \* \*

"The result of depriving an administrative body of free deliberation among themselves, just as a regular judicial body or jury may do, is to shut off the free flow of discussion among them and an exchange of ideas and an open discussion of differing views to the end that a fair and just result may be reached by the body based upon the evidence and arguments at the hearing. Ask any juror. The answer will be that the free interchange and discussion among the group is essential to a fair and just conclusion of the interests before them for decision. This is not the area in which one need fear the alleged 'private deals' and extraneous considerations to the matter at hand, so that really the asserted reason undergirding the sunshine law is not present in a judicial deliberation of a matter before an administrative board for a review of judicial character. The basic concept of the 'right of the public to know' is fulfilled upon reaching such a fair and just result which is then publicly conveyed." 278 So.2d at 264–265.

We believe that the exemption in the open meeting law as to judicial proceedings applies to the Arizona Board of Tax Appeals when they are acting judicially, and that the open meeting law does not require the Arizona Board of Tax Appeals to deliberate and make their decisions in public.

Petitioner also contends that since an opinion interpreting the statute was given by the Attorney General on 19 August 1975, the legislature, by not changing the statute in the 1976 legislative session, has acquiesced in the Attorney General's interpretation of the opinion. We do not agree.

■ While it is a principle of statutory construction that the legislature is presumed to be aware of court decisions interpreting the language of the statute, *Altamirano v. Industrial Commission*, 22 Ariz. App. 379, 527 P.2d 1096 (1974), opinions of the Attorney General raise no such presumption.

. The actions of the Arizona Board of Tax Appeals, Division 1, in excluding the public from their deliberations after hearing of the evidence are approved.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

HOLOHAN, Justice (dissenting).

The majority of the court acknowledge that judicial is not the same as quasi-judicial, citing *Batty v. Arizona State Dental Board*, 57 Ariz. 239, 112 P.2d 870 (1941), yet the majority then proceed to conclude that an administrative agency can act judicially. No authority for such a position is cited. I had always been under the impression that the judicial power was vested in the courts. Article VI § 1, Arizona Constitution.

The legislative history of the so-called open meeting statute demonstrates beyond any doubt that the Legislature had no intention of excluding any administrative agencies from the act. The decision of the majority puts back into the statute that which was struck from the bill by the Legislature. The act has now been amended by the court to exempt from the act "state agencies conducting hearings on contested cases."

The exemption in the act, A.R.S. § 38–431.08, concerning "judicial proceedings" was, in my judgment, meant to cover just exactly what it said—"judicial" meaning courts. There is no hint that the Legislature really meant some quasi-judicial proceeding by an administrative agency. The Legislature had drawn a broad statute, and it acknowledged that the broad sweep of the statute did not apply to the independent department—the Judiciary.

While the majority have cited the dissenting opinion in *Canney v. Board of Public Instruction of Alachua Cty.*, 278 So.2d 260 (Fla.1973) as authority for their position, the majority of the Florida Supreme Court clearly pointed out, "The characterization of a decisional-making process by a School Board as 'quasi-judicial' does not make the body into a judicial body." 278 So.2d 263. Finally that court also stated:

"Various boards and agencies have obviously attempted to read exceptions into the Government in the Sunshine Law which do not exist. Even though their intentions may be sincere, such boards and agencies should not be allowed to circumvent the plain provisions of the statute. The benefit to the public far outweighs the inconvenience of the board or agency. If the board or agency feels aggrieved, then the remedy lies in the halls of the Legislature and not in efforts to circumvent the plain provisions of the statute by devious ways in the hope that the judiciary will read some exception into the law." 278 So.2d 264.

According to the decision today any administrative agency which holds hearings, considers evidence, and makes a written decision is conducting a "judicial proceeding," and it is exempt from the open meeting law. For all practical purposes this rule will exempt many state agencies from the open meeting law, a result never intended by the Legislature.