578 P.2d 168

Gay E. ROSENBERG, Appellant,

v.

ARIZONA BOARD OF REGENTS, Appellee.

No. 13214.

Supreme Court of Arizona, In Banc.

April 10, 1978.

Rehearing Denied May 9, 1978.

John A. LaSota, Atty. Gen., Phoenix, Bruce E. Babbitt, former Atty. Gen., by David Rich, Asst. Atty. Gen., Phoenix, for appellee.

Maricopa County Legal Aid Society by Thomas T. Rapp, Glendale, for appellant.

STRUCKMEYER, Vice Chief Justice.

This appeal is from the dismissal of an action in the Superior Court to review an administrative determination of the Appeal Committee on Tuition Status of Arizona

State University.  Jurisdiction was accepted pursuant to 17A A.R.S., Rules of the Supreme Court, Rule 47(e).  Affirmed.

On March 5, 1976, appellant, Gay E. Rosenberg, filed her complaint in the Maricopa County Superior Court seeking review of the decision of the Arizona State University Appeal Committee on Tuition Status which affirmed the decision of the University's Fee Status Officer classifying her as a nonresident for tuition purposes.  The appellee, Board of Regents of Arizona State University, moved to dismiss the complaint for want of jurisdiction and for failure to state a claim in accordance with Rule 12(b)(6), 16 A.R.S., Rules of Civil Procedure.  The Superior Court granted appellee's motion and appellant appealed.  We granted appellee's motion to transfer.

In her first amended complaint, appellant set out three claims for relief.

### FIRST CLAIM

Appellant's first claim for relief seeks review of an administrative determination pursuant to the Administrative Review Act, A.R.S. § 12–901, et seq.  The Administrative Review Act "applies to and governs every action to review judicially a final decision of an administrative agency" except the State Department of Public Welfare or those agencies where a separate act provides for judicial review of the agency decisions and it sets up a procedure to be followed by those seeking review.  A.R.S. § 12–902(A).  By A.R.S. § 12–902(B), the decision of the Tuition Appeal Committee as an administrative agency is final unless an appeal is taken pursuant to the Administrative Review Act.  The Tuition Appeal Committee's actions have not been excepted from the Administrative Review Act.  *Ari-*

zona Board of Regents v. Harper, 108 Ariz. 223, 229, 495 P.2d 453, 459 (1972).

A.R.S. § 12–904 provides in part:

"An action to review a final administrative decision shall be commenced by filing a complaint within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected."

Appellant did not commence her action until 64 days had passed; however, she cites *Welsh v. Arizona State Board of Accountancy*, 14 Ariz.App. 432, 484 P.2d 201 (1971), for the proposition that an administrative agency will not be allowed to assert § 12–902(B) as a bar to judicial review until the Committee itself has complied with the notice requirements of § 12–904.  We agree with the appellant's reading of *Welsh*, but we disagree with her interpretation as to what constitutes compliance.

It is appellant's position that in order to comply with § 12–904, the Board of Regents must not only give her notice of its final decision; it must also give her notice of the exact number of days she has to seek judicial review.[1]  She relies primarily on language from *Board of Regents v. Harper*, supra, wherein we stated:

"Since no appeal has been provided from the Committee to the Board of Regents, the appeal to the Committee exhausts a student's administrative relief and his further efforts to get a satisfactory ruling should be under the Administrative Review Act, A.R.S. § 12–901 et seq., rather than by an action for declaratory judgment.  Every nonresident student should be so advised, and *should be told how much time he has to file such an action*." 108 Ariz. at 229, 495 P.2d at 459.  (Emphasis added.)

1.  It is the policy of the Board of Regents to give each student who objects to his classification a copy of a document entitled "Information and Guidelines for Determining Fee Status."  Paragraph N states: "The decision of the appeals committee shall be final and no further procedures within the university are available.  If the decision of the appeals committee is that the appellant shall remain classified as an out-of-state person, such person may have further appeals available through the normal channels of the Arizona system of courts at his own expense.  Such person should seek legal counsel immediately if court action is contemplated.  Time limits within which to file a court action may be short and a dissatisfied appellant should pursue the matter forthwith.

Failure to give the notice required by *Harper*, she asserts, is a violation of due process.

We think the reasoning of *Saline v. Industrial Commission*, 16 Ariz.App. 204, 492 P.2d 453 (1972), points out the path to a proper decision in this case. There, Saline filed a claim with the State Compensation Fund for alleged injuries by industrial accident. He was subsequently notified in writing that his claim had been denied. Somewhat differently than in the instant case, he was also informed that he could apply for a hearing by filing a written application at any office of the Industrial Commission within 60 days after the mailing of the notice. After 60 days had expired, Saline filed both a request for a hearing and a petition to reopen the claim. On appeal, Saline argued that the "notice of claim itself" was invalid because due process required that he have notice of the consequences of his failure to request a hearing. In responding to this argument, the court said:

> "We believe that all that is required is a notice reasonably certain to apprise those affected. Due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right through the judicial process must be given a meaningful opportunity to be heard. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). However, the notice and opportunity for hearing may vary with the nature of the case. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Thus, what the Constitution does require is 'an *opportunity* . . . granted at a meaningful time and in a meaningful manner,' *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965) (emphasis added), 'for [a] hearing appropriate to the nature of the case.' *Mullane v. Central Hanover Bank & Trust Co.*, supra, 339 U.S. at 313, 70 S.Ct. at 657, 94 L.Ed. at 873." *Id.* at 206, 492 P.2d at 455.

Due process only required that notice of and an opportunity for a hearing be given, at which appellant could appear and be heard.

On December 23, 1975, the Tuition Appeal Committee met for the purpose of determining appellant's residency status. Appellant did appear at this hearing and gave testimony concerning her residency. At the conclusion of the hearing, the committee retired, deliberated, and reached a decision. While this hearing was not a judicial hearing, it does satisfy due process. Due process is not necessarily judicial process. *Allen v. Graham*, 8 Ariz.App. 336, 339, 446 P.2d 240, 243 (1968). Under the circumstances, appellant was entitled to no more.

We think it should be emphasized that the right of appeal exists only by force of positive enactment of law. *Duncan v. Superior Court of Pinal County*, 65 Ariz. 193, 177 P.2d 374 (1947). The Administrative Review Act is the only vehicle by which appellant may test the decision of the Tuition Appeal Committee. It does not require that the State agency notify a protestant of the exact number of days he has to appeal to the Superior Court. While it is desirable that a protestant be advised of the time limits, as we suggested in *Harper*, supra, it is not mandatory. The information contained in the document, "Information and Guidelines for Determining Tuition Status" was enough to alert petitioner that time restrictions were important.

### SECOND AND THIRD CLAIMS FOR RELIEF

Appellant's second and third claims request review of the Superior Court's dismissal of her action based on a second count alleging a violation of Arizona's Open Meeting Law, A.R.S. § 38–431, et seq., and a third count based on an alleged violation of the Administrative Procedure Act, A.R.S. §§ 41–1001 et seq. We first consider appellant's third count.

The Board of Regents asserts that this count is barred by A.R.S. § 12–902(B). The same argument made here was advanced in *State Board of Technical Registration v. McDaniel*, 84 Ariz. 223, 326 P.2d 348 (1958).

There the State Board of Technical Registration notified McDaniel, a registered structural engineer, that he was to appear at a hearing at which certain allegations of professional misconduct would be considered. McDaniel was informed that if the allegations were substantiated, his certificate as an engineer might be suspended or revoked. Prior to the date set for the hearing, McDaniel filed an application for a writ of prohibition to prevent the Board from considering the charges against him. The trial court issued the writ, and the Board appealed. The Board's position on appeal was that in all cases the statutory procedure for review (A.R.S. § 12–904) was the exclusive and adequate remedy. In resolving this issue, we stated:

"We however can not agree that prohibition will not lie if it fairly appears to the trial court that in a given case the administrative agency is acting without or in excess of its jurisdiction and that an appeal will not furnish a plain, speedy and adequate remedy at law. [Citations omitted.]" Id. at 227, 228, 326 P.2d at 351.

McDaniel holds that appeal pursuant to the Administrative Review Act is not the exclusive method for review of administrative decisions. Common law extraordinary writs may be used to attack the jurisdiction of the agency where there is no plain, speedy and adequate remedy at law. Following the reasoning of McDaniel, facts must appear from an examination of appellant's third count which would indicate that she did not have an adequate remedy at law. Since appellant had an appeal under the Administrative Review Act, it cannot be said she did not have an adequate remedy at law. See State ex rel. Hawksworth v. Clifford, 130 Wash. 103, 226 P. 272 (1924); 52 Am.Jur.2d, Mandamus, § 61. Moreover, if we assume, as appellant argues, that the Committee did not comply with the Administrative Procedure Act in adopting its rules and regulations, a decision on that issue adverse to the Board of Regents would not be controlling because the right to appeal granted in the Administrative Review Act is adequate to redress in full appellant's grievances.

We have previously explained the requirements for issuing a peremptory writ of mandamus, saying:

"Such a writ will lie only where *two* conditions are present: first the act, performance of which is sought to be compelled, must be 'a ministerial act which the law specially imposes as a duty resulting from an office,' or if discretionary it must clearly appear 'that the officer has acted arbitrarily and unjustly and in the abuse of discretion * * *.'; *and second there must exist no other 'plain, speedy and adequate remedy at law.'* " (Emphasis added.) *Rhodes v. Clark*, 92 Ariz. 31, 35, 373 P.2d 348, 350 (1962).

Had appellant diligently filed a timely appeal, she could have had a judicial determination of her third claim in the trial court. We said in *Arizona Board of Regents v. Harper*, 108 Ariz. 223, 229, 495 P.2d 453, 459 (1972): " * * * the appeal to the Committee exhausts a student's administrative relief and his further efforts to get a satisfactory ruling should be under the Administrative Review Act, A.R.S. § 12–901, et seq., * * *."

A somewhat different although analogous reasoning applies to the second claim for relief. Appellant alleged in her second count that the Committee met in December of 1975 to determine her residency status and that after she had been interrogated, she was requested to leave the room in order that the Committee could determine her status. She asserts that the taking of the secret vote by the Committee abrogated her right to an open, accountable and responsible governmental decision and denied to her a free and unburdened access to all information concerning official actions taken by the Committee.

A.R.S. § 38–431 provides:

"In this article, unless the context otherwise requires:

1. 'Governing bodies' means the governing bodies of the state, * * * and all agencies, boards and commissions of the foregoing, or any committee or subcom-

mittee thereof, which are supported in whole or in part by tax revenues or which expend tax revenues."

Section 38–431.01 provides:

"A. All official meetings at which any legal action is taken by governing bodies shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings."

The wording of § 38–431 and § 38–431.01 leaves little doubt but that the Board of Regents and the Tuition Appeal Committee are bodies within the meaning of that section and must permit persons to attend and listen to the proceedings.

After appellant testified, the Appeal Committee requested that she leave the room so that the members could arrive at a decision. Appellee urges that the deliberations of the Tuition Appeal Committee are within the exception of § 38–431.08.A, which provides:

"The provisions of this article shall not apply to any judicial proceeding or any political caucus."

We do not think so.

In November of 1976, we discussed the applicability of Arizona's Open Meeting Law, A.R.S. §§ 38–431, et seq., to administrative proceedings, holding:

"The procedures prescribed by the statute and followed by the Board of Tax Appeals in hearing the parties in open forum, taking the matter under advisement, deliberating, writing a written decision and making that decision available to the parties and the public, follow the classic procedures of an appellate court in making a judicial decision. We believe this is a 'judicial proceeding' within the meaning of the statute.

We do not believe that the legislature intended to exempt only court 'judicial proceedings' and not administrative agency 'judicial proceedings.' To allow the public to attend the deliberations leading to a decision and to watch the writing of that decision would not, we believe, promote the ends of justice." *Arizona Press Club, Inc. v. Arizona Board of Tax Ap-*

*peals, Division 1*, 113 Ariz. 545, 547, 558 P.2d 697, 699 (1976).

The Legislature thereafter, in the spring of 1977, amended § 38–431.08 to read:

"A. The provisions of this article shall not apply to any judicial proceeding of *any court* or any political caucus." A.R.S. § 38–431.08.A. (Emphasis added.)

The Legislature having plainly spelled out that our conclusions in *Arizona Press Club, Inc. v. Arizona Board of Tax Appeals*, supra, were wrong, we hold that our decision was in error.

■ However, the failure to comply with Arizona's Open Meeting Law does not require reversal of this case. The statute, by § 38–431.04, provides that if the provisions of the article are not complied with "a court of competent jurisdiction may issue a writ of mandamus requiring that a meeting be open to the public." The Legislature used the word "may" in the statute. It did not unconditionally require that a court issue the writ. We think, therefore, that the Legislature intended to give the Superior Court discretion to decide under what facts and circumstances the writ should issue.

■ Undoubtedly the lower court's discretion was influenced by the general rule that mandamus is to compel public officials to act and that the Tuition Appeal Committee had already acted. It could also have been influenced by the fact that petitioner failed to timely appeal in order to test the issue whether the Tuition Appeal Committee acted arbitrarily or unlawfully in its determination. Mandamus does not lie to correct errors in an appealable judgment and cannot be used as a substitute for the ordinary channels of appeal. *Neal v. State*, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1961), cert. den. 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700; *MacNeil v. Superior Court*, 339 Mass. 775, 158 N.E.2d 671, cert. den. 361 U.S. 128, 80 S.Ct. 255, 4 L.Ed.2d 180.

The judgment of the Superior Court is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.