600 P.2d 49

The CITY OF FLAGSTAFF, a body politic, the Personnel Board of the City of Flagstaff, Don E. Vorhies, Fire Chief of the Flagstaff Fire Department, Charles K. McClain, City Manager of the City of Flagstaff, Frank Dickinson, a member of the Personnel Board, and Opal Able, a member of the Personnel Board, Appellants,

v.

Dennis BLEEKER, Appellee.

No. 1 CA–CIV 4166.

Court of Appeals of Arizona,
Division 1,
Department C.

June 28, 1979.

Rehearing Denied July 30, 1979.

Review Denied Sept. 13, 1979.

Mangum, Wall, Stoops & Warden by Robert W. Warden, Flagstaff, for appellants.

Fred Belman, Tucson, for appellee.

OPINION

FROEB, Judge.

Appellee Dennis Bleeker was discharged from employment with the Flagstaff Fire

Department on September 9, 1975. He appealed to the Personnel Board of the City of Flagstaff (the Board), which sustained the termination. Bleeker then filed a special action in Coconino County Superior Court. Judgment was entered on May 12, 1977, in favor of Bleeker on the ground that he was entitled to a pre-termination hearing. The City of Flagstaff and all other above-captioned appellants (collectively referred to herein as "the City") challenged the judgment by a special action in the Arizona Supreme Court. The Supreme Court reversed, holding that a pre-termination hearing was not required, and remanded for a determination of whether Bleeker's hearing before the Board had been "meaningful." See City of Flagstaff v. Superior Court, 116 Ariz. 382, 569 P.2d 812 (1977).

On remand, the superior court considered some additional evidence and heard arguments of counsel. The court entered judgment on November 25, 1977, in favor of Bleeker, this time on the ground that the hearing before the Board was null and void because it did not comply with the Arizona Open Meeting Law. A.R.S. §§ 38–431 to 38–431.08.[1] The City now appeals to this court; we reverse and remand.

The circumstances of Bleeker's termination from employment are set forth in City of Flagstaff v. Superior Court, and need not be elaborated here as they do not enter into the resolution of the case.

On remand after the Supreme Court's decision, Bleeker's arguments regarding the validity of the hearing before the Board were limited to: (1) whether he was afforded a "meaningful" post-termination hearing comporting with due process of law; (2) whether he was discharged for cause; (3) whether the open meeting law applied to the hearing; (4) whether Bleeker had improperly been required to bear the burden of proof at the hearing; and (5) whether the City Manager was arbitrary and capricious in his discharge of Bleeker.

The November 1977 judgment decided the matter on the open meeting law question, but, in addition, the court found that the hearing was "meaningful" and stated that "this Court will not substitute its judgment for that of the board, but will only scrutinize the proceedings to ascertain whether the meeting afforded due process to plaintiff." Other language in the judgment indicates the trial court believed the due process standard had been met. Finally, the court stated: "In the new hearing by the Personnel Board, the Fire Chief shall have the burden of proof of upholding the termination.

In this appeal, the City argues that (1) the open meeting law did not apply to the hearing, and (2) if the open meeting law did apply, the Board substantially complied with it.

Bleeker argues here that (1) the open meeting law did apply to the hearing; (2) there was no substantial compliance; and (3) the Board placed the burden of proof on him, which invalidated the hearing.

We determine that the only issues before us are those concerning the open meeting law and the burden of proof at the hearing as no other issues have been argued.

The threshold question is whether the open meeting law was applicable to the proceedings of the Board held on September 25, 1975.

At that time A.R.S. § 38–431.08 read: "The provisions of this article shall not apply to any judicial proceeding . . . ." The Arizona Supreme Court in Arizona Press Club, Inc. v. Arizona Board of Tax Appeals, 113 Ariz. 545, 558 P.2d 697 (1976) held that the proceedings of the Arizona Board of Tax Appeals were judicial proceedings within the meaning of the statute. Applying the tests set forth in Arizona Press Club, we could conclude that the proceedings of the Board in this case were likewise judicial and would, therefore, be exempt from the provisions of the open meeting law. That is not, however, where

---

1. References to sections of the open meeting law are as to the provisions as they existed at all times pertinent to this case.

the inquiry ends. In 1977 the Legislature amended A.R.S. § 38–431.08 to state: "[A.] the provisions of this article shall not apply to any judicial proceeding *of any court*," (emphasis added) the effect of which was to narrow the exemption construed in *Arizona Press Club*. In 1978 the Arizona Supreme Court reviewed the open meeting law, as amended, in *Rosenberg v. Arizona Board of Regents*, 118 Ariz. 489, 578 P.2d 168 (1978). Referring to the 1977 amendment, the court stated: "The Legislature having plainly spelled out that our conclusions in *Arizona Press Club, Inc. v. Arizona Board of Tax Appeals,* supra, were wrong, we hold that our decision [in that case] was in error." 118 Ariz. at 494, 578 P.2d at 173.

■ This can only be read as an overruling of *Arizona Press Club*. It follows, then, that the open meeting law *was* applicable to the proceedings before the Board as they were not "judicial proceedings." Since the Board proceedings took place prior to the decision in *Arizona Press Club,* no argument arises that they occurred in reliance upon the holding of *Arizona Press Club* and we need not consider retroactive application of *Rosenberg* as an issue. *See, for example, B & P Concrete, Inc. v. Turnbow,* 114 Ariz. 408, 561 P.2d 329 (App.1977). In a separate argument, Bleeker contends that the 1977 amendment to the open meeting law, apart from *Rosenberg,* should be applied retroactively to the proceedings before the Board. There is no need, however, for us to reach this issue in view of our determination that the open meeting law prior to the 1977 amendment was applicable.

■ The next issue is whether the proceedings before the Board complied with the open meeting law. Substantial compliance will satisfy its requirements where a

technical violation has no demonstrated effect on a complaining party. *Karol v. Bd. of Ed. Trustees,* 122 Ariz. 95, 593 P.2d 649 (1979).

Notice of the hearing was posted; the meeting was open to the public; handwritten minutes were taken during the meeting by the City Manager. Evidence was presented in the public meeting; the Board then met in an executive session,[2] and, thereafter, the Board reconvened the public meeting, announcing that it had been unable to reach a decision and that each member would submit his decision separately at a later time.[3] The Board later issued a Certificate of Findings and Recommendations, signed by both of the Board members who had heard the matter. The ruling upheld the actions of the City Manager in terminating Bleeker's employment.

Bleeker attacks the validity of the hearing's compliance with the open meeting law on several technical grounds, only some of which are supported by the evidence. For instance, he contends that the notes taken during the hearing by the City Manager cannot satisfy the minutes requirement because the City Manager was an adversary; that the minutes were not open to public inspection following the meeting; and that the final vote was taken outside of a public meeting.

■ We are of the opinion that the question of substantial compliance with the open meeting law should be answered by reference to the whole of the proceeding, rather than to its several parts. The intent of the law was set forth in the *Karol* decision:

The intent of the legislature was to open the conduct of the business of government to the scrutiny of the public and to

**2.** Bleeker argues that "dismissal" from employment is not properly the subject of an executive session pursuant to A.R.S. § 38–431.03. He points out that the statute mentions "disciplining" and "demotion," but does not specifically mention "dismissal." Further, he contends that "dismissal" is not contemplated by the words "discipline" and "demotion." He overlooks, however, that the statute specifically allows discussions of "employment," which we

believe clearly contemplates consideration of "dismissal."

**3.** The Board granted Bleeker's request at the start of the hearing that an open meeting be conducted. There was no objection when the Board, upon returning from its executive session, announced that the members would independently reach and submit their conclusions.

ban decision-making in secret. A meeting held in the spirit of this enunciated policy is a valid meeting.

122 Ariz. 97, 593 P.2d at 651. (citations omitted). And, further:

The intent of the open-meeting law is that legal action—proceedings which constitute a 'decision, commitment or promise made by a majority of the members of a public body,' A.R.S. § 38–431(2)—'be conducted openly.'

122 Ariz. 98, 593 P.2d at 652.

■ We find that the hearing Bleeker received before the Board complied fully with the spirit and largely with the letter of the open meeting law. As previously pointed out, the meeting was held publicly after notice, and the final decision was announced in a detailed certificate of findings and recommendations, signed by each member of the Board who heard Bleeker's case.

Further, there has been no showing here that Bleeker was prejudiced by any of the technical defects which he alleges. Our Supreme Court stated in *Karol*:

[A] technical violation having no demonstrated prejudicial effect on the complaining party does not nullify all the business in a public meeting when to conclude otherwise would be inequitable, so long as the meeting complies with the intent of the legislature . . . .

122 Ariz. 98, 593 P.2d at 652.

We hold that there was substantial compliance with the open meeting law in this case.

■ We next discuss Bleeker's charge that the burden of proof was improperly placed on him at the hearing. The argument refers to the fact that Bleeker was required by the Board, in accordance with rules of the City of Flagstaff Personnel Board, to present his proof first. Relying on *Wolkin v. Civil Service Com'n. of City of Tucson,* 21 Ariz.App. 341, 519 P.2d 194 (1974), he argues that this improperly placed the burden of proof upon him when it was the duty of the City of Flagstaff to prove that his termination was "for cause." We need not reach the merits of this argu-

ment as it is clear from the record that burden of proof did not play a role in this case. At the hearing Bleeker did not contest any of the factual bases for his dismissal, but, rather, only contended that "the punishment did not fit the crime." Thus, there was no need for the Board to weigh the facts or to hold one or the other of the parties to a burden of proof. For this reason, we find no reversible error in the Board proceedings on this point.

Since no other issues are before us, and since the trial court made findings in favor of the City on all other issues, except attorney's fees, we reverse and remand to the trial court for entry of judgment in favor of the City.

EUBANK, P. J., and HAIRE, J., concur.