Ms. Paula Herzmark Executive Director of Local Affairs Room 518 1313 Sherman Street Denver, Colorado 80218
Dear Ms. Herzmark:
This is in response to your April 10, 1980, request for an opinion as to whether meetings of the Board of Assessment Appeals (BAA) held for the purpose of decision making must be noticed and open to the public under the Open Meetings Law, C.R.S. 1973,24-6-401 et seq. (Supp. 1979).
QUESTION PRESENTED AND CONCLUSION
You have asked the following question:
Hearings of the Board of Assessment Appeals are public, scheduled in advance, with notice being mailed to the parties, and posted at the Department of Local Affairs. However, similar practices are not followed with meetings of the BAA held for the purpose of making decisions about the cases heard. Do these decision-making meetings of the BAA have to be public meetings, scheduled in advance, with notice?
My opinion is "yes."
ANALYSIS
There is no doubt that meetings of the Board of Assessment Appeals are covered under the Open Meetings Law, C.R.S. 1973,24-6-401 et seq. (Supp. 1979). Your question focuses on whether there is an exemption from that law for certain meetings of the BAA that involve posthearing decision-making. There is no such exemption. Until 1977, there were no provisions for closed meetings or executive session of state boards covered by the Open Meetings Law. In 1977, the general assembly did provide that certain meetings could be held in executive session, if certain procedures were followed. See C.R.S. 1973, 24-6-402(2.3), (2.5), and (2.7) (Supp. 1979). However, these amendments did not provide for executive session for post-hearing decision making.
Since the Open Meetings Law was enacted by the people in 1972, it has consistently been the position of the attorney general that deliberations of the type under consideration here must be conducted in public if the board otherwise comes within the terms of the statute. For example, in 1973, Attorney General John Moore directly addressed the very issue you raised, in the context of a regulatory board. That opinion, 73-0009, attached hereto, expressly indicated that deliberations of a state board reviewing the evidence and making decisions on license revocations or suspensions should be conducted in public.
Our office has reviewed that opinion and has decided that there is no statutory basis to alter its conclusion. In reviewing the opinion with reference to your question, several court decisions from other states relating to this issue were considered. There are strong public policy arguments on both sides of this issue.See, e.g., Canney v. Board ofPublic Instruction of Alachua County, 278 So.2d 260
(Fla. 1973); Common Cause of Utah v. Utah PublicService Commission, 598 P.2d 1312 (Utah 1979); ArizonaPress Club, Inc. v. Arizona Board of Tax Appeals, Division1, 558 P.2d 697 (Ariz. 1976). These decisions support various positions on the question presented. However, in reading the Colorado Open Meetings Law, and the exemptions therefrom, I do not believe the general assembly attempted or desired to exempt decision-making meetings from its operation. C.R.S. 1973,24-6-402(1) (Supp. 1979) mandates that all meetings of state boards at which public business is discussed or formal action taken are "declared to be public meetings. . ."
Moreover, there is no provision in the BAA's organic statutes, C.R.S. 1973, 39-2-123 to 128, which creates an exemption from the Open Meetings Law, such as the one provided for the State Board of Medical Examiners in C.R.S. 1973, 12-36-118(10). To the contrary, the BAA's organic statutes require that "all its sessions shall be open to the public. . ." C.R.S. 1973, 39-2-127(1).
Therefore it is my opinion that under our present law, absent statutory changes or contrary court interpretation, meetings held for the purpose of reviewing evidence and making decisions on cases before the BAA should be noticed and open to the public.
SUMMARY
Under the present language of the Open Meetings Law, C.R.S. 1973,24-6-401 et seq., (Supp. 1979), and under C.R.S. 1973,39-2-127(1), meetings of the Board of Assessment Appeals held for the purpose of making decisions upon cases should be noticed and opened to the public, just as are the hearings conducted before the board.
Very truly yours,
 J.D. MacFARLANE Attorney General
OPEN MEETINGS
C.R.S. 1973, 24-6-401 et seq. C.R.S. 1973, 39-2-127(1)
LOCAL AFFAIRS, DEPT. OF Assessment Appeals Bd.
Meetings of the Board of Assessment Appeals held to review evidence and make decisions on cases should be noticed and open to the public.