757 P.2d 619

**Charles Harry THURSTON; Arthur Sykes and Beverly Sykes, his wife; Alan Marble and Cher Marble, his wife, Petitioners–Appellees,**

v.

**The CITY OF PHOENIX, a municipal corporation; Council of the City of Phoenix, a public body, Respondents–Appellants.**

**No. 1 CA–CIV 9773.**

Court of Appeals of Arizona, Division 1, Department B.

July 7, 1988.

Friedeman & O'Leary by John Friedeman, Phoenix, for petitioners-appellees.

Roderick G. McDougall, City Atty. by Larry F. Felix, Asst. City Atty., Phoenix, for respondents-appellants.

OPINION

KLEINSCHMIDT, Judge.

This appeal concerns the agenda requirements of the Arizona Open Meeting Law, A.R.S. § 38–431.02. We affirm the judgment of the trial court setting aside Phoenix Ordinance G–2700, adopted on November 21, 1984, by which over nine square miles were annexed by the city.

In 1984, the City of Phoenix successfully circulated petitions proposing the annexation of approximately 12.8 square miles of land in an area adjacent to the city. The tract lay generally north of Bell Road, west of Scottsdale Road, south of Pinnacle Peak Road, and east of 20th Street.

Subsequently, three proposals were prepared regarding the land considered for annexation. As required by the Open Meeting Law, A.R.S. § 38–431.02(G), two of these proposals were available for public inspection twenty-four hours before the city council meeting of November 21, 1984, and were listed as agenda Items 22a and 22b for that meeting. At the meeting, a third proposal designated as Item 22c, which was *not* available twenty-four hours before the meeting, was adopted. This was a proposal to annex an area one-half square mile larger than the area contained in either of the other two proposals. The city council, in accord with the third proposal, enacted Ordinance G–2700 annexing approximately 9.49 square miles.

Petitioners-appellees filed a petition in the trial court to set aside the annexation, claiming that the annexation statute was unconstitutional and that Ordinance G–2700 was adopted in violation of the Open Meeting Law, A.R.S. §§ 38–431 to 38–431.09. Summary judgment was entered in favor of petitioners, declaring the annexation statute unconstitutional. On appeal, the Arizona Supreme Court found the statute to be constitutional and remanded the case to the superior court. *Bowler v. City of Phoenix*, No. 18422 (Ariz.Sup.Ct., May 27, 1986). After remand, summary judgment was again entered in favor of appellees on the Open Meeting Law violation. From this judgment declaring the annexation void for noncompliance with the agenda requirement of the Open Meeting Law, the city appeals. We affirm.

The agenda requirement of the Open Meeting Law is set forth in A.R.S. § 38–431.02 as follows:

G. Notice required under this section shall include an agenda of the matters to be discussed or decided at the meeting or information on how the public may obtain a copy of such an agenda. The agenda must be available to the public at least twenty-four hours prior to the meeting, except in the case of an actual emergency under subsection D.

H. Agendas required under this section shall list the specific matters to be discussed, considered or decided at the meeting. The public body may discuss, consider or make decisions only on matters listed on the agenda and other matters related thereto.

On appeal, the city argues that the annexation was valid because the area annexed pursuant to agenda Item 22c was within the area proposed and approved by residents in the petition process; the ordinance adopted was reasonably related to the properly noticed agenda Items 22a and 22b; and the city substantially complied with the Open Meeting Law in enacting Ordinance G–2700.

The three proposals differed materially in assessed values, square miles proposed for annexation, and population encompassed within the respective areas. Item 22a proposed annexing of 8.46 square miles with an assessed value of $12,461,075 and an estimated population of 7,000. Item 22b proposed annexing 8.99 square miles, with an assessed valuation of $15,903,300 and an estimated population of 8,000. Item 22c, the proposal actually adopted, annexed 9.49 square miles with an assessed valuation of $17,893,725 and an estimated population of 8,300.

In support of its substantial compliance argument, the city insists that the notice of Items 22a and 22b twenty-four hours prior to the meeting at which Item 22c was adopted constituted substantial compliance with the notice requirement of the Open Meeting Law. The cases cited by the city for this proposition deal with technical violations occurring *after* the meeting has been properly noticed. *See, e.g., Karol v. Board of Educ.*, 122 Ariz. 95, 593 P.2d 649 (1979) (failure of the board to allow nonteachers to tape-record the meeting in violation of A.R.S. § 38–431.01(D) did not invalidate the board's action affecting teachers, who were not denied any rights by the technical violation of the board); *City of Flagstaff v. Bleeker*, 123 Ariz. 436, 600 P.2d 49 (App.1979) (finding substantial compliance with Open Meeting Law notwithstanding minutes were not available to the public and the vote was not taken in public where the meeting was held publicly

after notice was given and the final decision was properly announced).

We believe this case is more closely aligned with *Carefree Improvement Ass'n v. City of Scottsdale*, 133 Ariz. 106, 649 P.2d 985 (App.1982), in which the court invalidated action taken at a meeting because it found that there was a misleading element inherent in the notice given. There, the very persons who wanted to attend the city council meeting had already been informed that it would be held at a later time. In the case now before us, the information provided to the public in Items 22a and 22b failed to indicate that the additional tract included in Item 22c would be annexed. That additional property *was* annexed. We agree with the trial court that the notice given was, at best, confusing and may have actually been misleading.

The city contends that notice was adequate because persons favoring and opposing the annexation were present at the meeting and were allowed to express their views. This argument overlooks the fact that persons living in the area that was only included in Item 22c or anyone to whom the annexation of that tract might have been significant for any reason, were not given the requisite notice that that parcel might be annexed.

We are puzzled by the city's argument that the ordinance that was actually passed did *not* include any land that was *not* included in the proposed annexation ordinances on file in the city clerk's office twenty-four hours prior to the counsel meeting, i.e., Items 22a and 22b. As we have observed, Item 22c, the ordinance actually passed, annexed 1.03 square miles more than proposed in Item 22a and .50 square mile more than the area proposed in Item 22b.

Nor does Item 22c qualify as relating to the other agenda items so that it might have been properly considered pursuant to A.R.S. § 38–431.02(H). The city simply cannot rely on the property description on Items 22a and 22b as bringing within its purview an additional tract of land.

Appellees request attorney's fees on appeal pursuant to A.R.S. § 38–431.07(A) and § 12–349. That request is granted. The appellees may particularize their request in their statement of costs. Rule 21(c), Arizona Rules of Civil Appellate Procedure; *Carefree Improvement Ass'n v. City of Scottsdale*, 133 Ariz. 106, 115, 649 P.2d 985, 994 (App.1982).

The judgment of the trial court is affirmed.

BROOKS, P.J., and EUBANK, J., concur.