NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. ARIZONA DEPARTMENT OF REVENUE,
*Plaintiff/Appellee,*

*v.*

BLAINE A. WENDTLAND, *Defendant/Appellant.*

No. 1 CA-TX 18-0004
FILED 6-13-2019

Appeal from the Arizona Tax Court
No. TX2017-000299
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

APPEARANCES

Blaine A. Wendtland, Portage, WI
*Defendant/Appellant*

Arizona Attorney General's Office, Phoenix
By Lindsay M. Hughes
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

C A M P B E L L, Judge:

¶1        Blaine A. Wendtland appeals from the tax court's grant of summary judgment in favor of the Arizona Department of Revenue (the "Department") determining that he owes $28,627.99 in income tax, plus penalties and interest. He also appeals from the denial of his motion for new trial, reconsideration, and/or to vacate judgment ("Motion for New Trial"). Because Wendtland failed to file a timely protest or  pay the outstanding taxes and seek a refund, he is not entitled to the requested tax relief. We affirm.

**BACKGROUND**

¶2        In tax year 2004, Wendtland earned federal adjusted gross income of $596,745. He did not file an Arizona state income tax return that year. After the Department learned of his income from the Internal Revenue Service, it notified Wendtland that he would be audited. *See* Ariz. Rev. Stat. ("A.R.S.") § 42-1108(A) (authorizing the Department to audit a taxpayer who fails to file a return). Wendtland acknowledged receipt of the notice.

¶3        Once the audit was complete, the Department mailed Wendtland a Notice of Proposed Assessment ("Notice") stating that he owed $28,627.99 in unpaid taxes, plus penalties and interest. The Notice was dated July 29, 2015, and reflected a protest due date of October 27, 2015, 90 days later. *See* A.R.S. § 42-1251(A) (providing that an individual taxpayer has 90 days to petition the Department for a hearing, correction, or redetermination). Wendtland did not timely protest the assessment, and it became final on October 28, 2015. *See* A.R.S. § 42-1108(B) (providing that a deficiency notice becomes final 90 days after mailing).

¶4        Thereafter, the Department sued Wendtland to recover the balance owed. After Wendtland answered, the Department moved for summary judgment arguing that the assessment was final because Wendtland failed to file a timely protest. *See* A.R.S. § 42-1251(D) (providing that a taxpayer who fails to timely protest waives the right to question the

deficiency amount).[1] Wendtland did not respond, and the tax court granted summary judgment in favor of the Department.

¶5        After entry of final judgment, Wendtland filed his Motion for New Trial. The court denied his motion, and Wendtland appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (A)(5).

**DISCUSSION**

**I.        Grant of Summary Judgment**

¶6        On appeal, Wendtland challenges the tax court's grant of summary judgment. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the grant of summary judgment de novo. *See Wilderness World, Inc. v. Dep't of Revenue State of Ariz.*, 182 Ariz. 196, 198 (1995).

¶7        Under A.R.S. § 42-1108 (A) and (B), the Department has the authority to audit a taxpayer and to issue a deficiency assessment if a taxpayer fails to file a return. In response to a notice of proposed assessment, the taxpayer has 90 days to apply to the Department for a hearing, correction, or redetermination. *See* A.R.S. § 42-1251(A). The Department, in turn, must "consider the petition and grant a hearing, if requested." *Id.* Section 42-1251(D) provides that if a taxpayer fails to protest within the statutory 90 days then "the amount determined to be due becomes final," and

> The taxpayer is deemed to have waived and abandoned the right to question the amount determined to be due, unless the taxpayer pays the total deficiency assessment, including interest and penalties. The taxpayer may then file a claim for refund pursuant to § 42-1118 within six months after payment of the deficiency assessment or within the time limits prescribed by § 42-1106, whichever period expires later.

¶8        Courts must interpret statutes to give effect to the legislature's intent. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 283, ¶ 14 (2005). When the language of a statute is clear and unambiguous, we apply its plain language and "need not engage in any other means of statutory interpretation." *Id.*

---

[1] The former version of A.R.S. § 42-1251 in effect during the Assessment Period was A.R.S. § 42-1251(B). While the current wording is slightly revised, that revision is not relevant to the issues presented here.

Here, the language of § 42-1251(D) is clear and unambiguous. If a taxpayer fails to petition the Department within 90 days after receiving a notice of proposed assessment, the amount of the assessment becomes final. *See* A.R.S. § 42-1251(D). After that time, a taxpayer may challenge the amount of the assessment only by paying the amount due and filing a refund claim. *See id.*

**¶9**        The Department audited Wendtland and determined that he owed income tax for tax year 2004. In its Notice, the Department clearly informed Wendtland that he had 90 days to apply to the Department for a hearing, correction or redetermination. *See* A.R.S. § 42-1251(A). He did not do so, however, and the assessment amount became final. *See* A.R.S. §§ 42-1108(B), -1251(D). At that point, Wendtland could still have challenged the assessment by paying the total amount due and filing a refund claim pursuant to § 42-1118, *see* A.R.S. § 42-1251(D), but he did not do that either.

**¶10**        Thus, when the Department moved for summary judgment in tax court, it only had to establish that it mailed Wendtland the Notice and he did not timely protest. The Department's motion for summary judgment attaches the Notice, which includes the protest due date. It also attaches an affidavit from the Department's audit manager, Jim Walsh, establishing that the Notice was mailed and no timely protest was received. The Walsh affidavit provided sufficient evidence that the assessment had become final, contrary to Wendtland's assertion.

**¶11**        On appeal, Wendtland admits that he did not file an administrative appeal and acknowledges that he could have done so. At the same time, he argues that the "administrative process featured no hearing commensurate with any notion of procedural due process." This claim fails to recognize that the Department is required to provide a hearing upon request. *See* A.R.S. § 42-1251(A). In other words, Wendtland did not have a hearing because he did not request one. *See Rosenberg v. Ariz. Bd. of Regents*, 118 Ariz. 489, 492 (1978) (explaining that "[d]ue process only require[s] that notice of and an opportunity for a hearing be given").

**¶12**        Wendtland also argues that under A.R.S. § 42-1255 the Department has the burden of proving "by a preponderance of the evidence . . . any factual issue that is relevant to ascertaining the tax liability of a taxpayer." This burden of proof only applies, however, if a preponderance of the evidence demonstrates that "[t]he taxpayer asserts a reasonable dispute regarding the issue." *Id.* Wendtland did not protest the assessment administratively and did not respond to the Department's motion for

summary judgment in tax court. Thus, Wendtland did not assert "a reasonable dispute" regarding any material factual issue and § 42-1255 did not apply.

¶13        Because there was no disputed issue of fact relevant to the tax court's grant of summary judgment, we affirm.

## II.        Denial of Motion for New Trial

¶14        Wendtland also alleges the Tax Court abused its discretion by denying his Motion for New Trial. We will affirm the tax court's decision absent a clear abuse of discretion. *See Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 490, ¶ 24 (App. 2013) (applying the abuse of discretion standard to a motion for new trial); *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985) (applying the abuse of discretion standard to a motion to vacate). For the first time, Wendtland asserted in the Motion that he was not an Arizona resident and did not earn income that was taxable in Arizona in 2004. He explained his failure to respond to the Department's summary judgment motion by stating that he had not received the Department's discovery responses. Wendtland attached the discovery responses to his Motion for New Trial and argued that the Department's documents fail to establish his residency.[2]

¶15        Again, Wendtland had two alternative ways to challenge the Department's proposed assessment by arguing that he was not an Arizona resident. He could have (1) filed a timely administrative protest or (2) paid the taxes in full and filed a refund claim. *See* A.R.S. § 42-1251(A), (D). By the time the Department moved for summary judgment in tax court, Wendtland's opportunity to argue he was not a resident had passed. Therefore, the evidence attached to his Motion for New Trial could not have changed the court's summary judgment ruling because it was not determinative of the Department's claims under § 42-1251(A) and (D).

---

[2] As the Department points out, Wendtland could have sought additional time to respond to the Department's motion for summary judgment under Arizona Rule of Civil Procedure 56(d). *See Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 493 (App. 1990) ("Where parties have had an ample opportunity to request a continuance until discovery is completed but fail to make such a request, summary judgment will not be reversed on the grounds that it was granted prematurely.").

**¶16** The tax court did not abuse its discretion in denying Wendtland's Motion for New Trial. We affirm its ruling.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm the tax court's decision. We award costs to the Department upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA